*UNITED STATES DISTRICT COURT*
*DISTRICT OF MAINE*

| | | |
|---|---|---|
| **HEARTS WITH HAITI, INC. and** | ) | |
| **MICHAEL GEILENFELD,** | ) | |
| | ) | |
| **Plaintiffs** | ) | |
| | ) | |
| **v.** | ) | *No. 2:13-cv-39-JAW* |
| | ) | |
| **PAUL KENDRICK,** | ) | |
| | ) | |
| **Defendant** | ) | |

**RECOMMENDED DECISION ON MOTIONS TO DISMISS AND MEMORANDUM
DECISION ON MOTIONS TO STAY DISCOVERY, TO SEAL, TO FILE A SUBSTITUTE
DOCUMENT, TO EXCEED PAGE LIMITS, TO STRIKE, AND TO EXTEND DISCOVERY**

In this heated defamation action, a bevy of motions presently requires the court's attention. The defendant has filed a motion to dismiss the complaint, a motion to dismiss Michael Geilenfeld as a party plaintiff, a motion to stay discovery, three motions to seal various documents, a motion to exceed page limits, and a motion to substitute two affidavits for others previously filed, all of which are opposed by the plaintiffs. In addition, the plaintiffs have filed two motions to strike the defendant's reply brief. One other motion is uncontested: both sides agree that discovery should be extended. I will begin with the motions to dismiss and to strike.

## I.  Factual Background

The complaint includes the following relevant factual allegations.

The plaintiffs are a nonprofit corporation located in North Carolina and an individual "missionary and humanitarian" who resides in Haiti.  Verified Complaint (ECF No. 1) at 1 & ¶¶ 1-2. The defendant resides in Freeport, Maine.  *Id*. ¶ 3.

1

The individual plaintiff is founder and executive director of St. Joseph Family of Haiti, which operates a network of nonprofit institutions that provide room and board and education to disabled and disadvantaged Haitian children. *Id.* ¶ 7. One of these institutions, St. Joseph's Home for Boys, currently provides room and board and education to approximately 16 former child slaves, street children, and orphans in Pétion-Ville, Haiti. *Id.* ¶¶ 8-12. Donations from residents of the United States to the St. Joseph Family of Haiti and its institutions and programs typically are made through plaintiff Hearts with Haiti. *Id.* ¶ 19.

The schools and homes within the St. Joseph Family of Haiti provide services to more than 190 children and employ approximately 80 full-time staff. *Id.* ¶¶ 32-33. Hundreds more benefit from its community outreach programs. *Id.* ¶ 35. Hearts with Haiti raises funds on behalf of St. Joseph Family of Haiti, St. Joseph's Home for Boys, Wings of Hope, Trinity House, Lekòl Sen Trinite, and the Resurrection Dance Theater of Haiti. *Id.* ¶ 45. Since 2001, Hearts with Haiti has raised nearly $5 million in support of these organizations, institutions, and programs. *Id.* ¶ 46.

In January 2011, the defendant began a campaign intended to defame and destroy the plaintiffs. *Id.* ¶ 47. Through public blogs, public website postings, public radio broadcast, and emails, the defendant made defamatory statements about the plaintiffs, that they sexually abuse children and otherwise support child sex abuse. *Id.* ¶ 48. The defendant sought to destroy St. Joseph Family of Haiti, Hearts with Haiti, and Michael Geilenfeld by publishing defamatory statements and false allegations about them to their sources of funding. *Id.* ¶ 52. He also threatened that he would publish deplorable allegations about supporters of the plaintiffs who spoke out against him. *Id.* ¶ 54.

The defendant's false and defamatory statements and threats to benefactors resulted in severe financial harm to the plaintiffs. *Id.* ¶ 76. His false communications were intended to disparage, denigrate, and defame the plaintiffs and to interfere with their advantageous relationships with their benefactors, fundraisers, and supporters. *Id.* ¶¶ 83-84.

## II.  Recommended Decision on Motions to Dismiss and Memorandum Decision on Motions to Strike and to Exceed Page Limits

### A.  Applicable Legal Standard

The defendant calls his motion to dismiss the complaint a "special motion," as apparently required by 14 M.R.S.A. § 556, sometimes referred to as an "anti-SLAPP" statute. Special Motion to Dismiss Pursuant to 14 M.R.S.A. § 556 ("Motion to Dismiss") (ECF No. 13). The usual legal standards of Fed. R. Civ. P. 12(b) for dismissal are inapplicable.

As Judge Hornby of this court has stated:

> Maine's anti-SLAPP statute, 14 M.R.S.A. § 556, is meant to deter "strategic lawsuits against public participation" and to protect citizens' exercise of their right to petition under the United States and Maine Constitutions. *See generally Godin v. Schencks*, 629 F.3d 79, 80 (1st Cir. 2010); *Morse Brothers, Inc. v. Webster*, 772 A.2d 842, 846 (Me. 2001). The statute defines the exercise of the right of petition broadly to include "any written or oral statement . . . submitted to a  . . . judicial body" or "in connection with an issue under consideration or review by a . . . judicial body" or a "statement reasonably likely to encourage consideration or view of an issue by a . . . judicial body," or a "statement reasonably likely to enlist public participation in an effort to effect . . . consideration" by a legislative, executive, or judicial body. 14 M.R.S.A. § 556.

*Lynch v. Christie*, No. 2:11cv70-DBH, 2012 WL 5874841, at *1 n.1 (D. Me. Nov. 20, 2012).

**B.  Plaintiffs' Motion to Strike**

The plaintiffs have moved to strike the reply brief filed by the defendant in connection with the motion to dismiss, because, they assert, the reply and its attachments were filed "in contravention of the scope of reply under Local Rule 7(e)" and because the two declarations attached to the motion were not true copies of the originals.  Plaintiffs' Motion to Strike Defendant's Reply to Plaintiffs' Objection to Defendant's Anti-SLAPP Motion to Dismiss ("Motion to Strike") (ECF No. 31) at 1.  They refer specifically to the local rule's prohibition against raising new issues for the first time and the 7-page limit it imposes on reply briefs.  *Id*. at 2.  The defendant's reply brief is 11 pages long.  Defendant's Reply Brief to Plaintiffs' Objection to Defendant's Motion to Dismiss ("Dismissal Reply") (ECF No. 27).

This argument requires consideration of the defendant's motion for leave to exceed the local rule's page limit in his reply, Defendant's Motion to Exceed Page Limits (ECF No. 25), which was filed on the same day as the overlong reply, in violation of the local rule's requirement that such a motion be filed no later than three business days before the date for filing the brief or memorandum.  Local Rule 7(e).  The motion itself does not acknowledge the requirement, so no reason is given for the untimely filing.[1]

This court's practice, when a particular attorney violates the three-day requirement of Local Rule 7(e) for the first time, is to overlook the transgression, while admonishing counsel to comply in the future.  *See, e.g., Myfreemedicine.com v. Hasler*, Civil No. 08-362-P-W, 2009 WL 1025526, at *11 n.2 (D. Me. Apr. 14, 2009).  In the absence of any showing of prejudice to the plaintiffs caused by the overlong reply, I will do the same here.

---

[1] The plaintiffs' choice to express their opposition to the defendant's motion to exceed the local rule's page limits only in the body of their motion to strike the defendant's reply memorandum to a different motion makes it likely that the motion to exceed would be considered to be without opposition after the elapse of the period for a response, and therefore granted.  Opposition to a particular motion should always be stated in a separate writing, which need not be lengthy.

The same is true of the plaintiffs' complaint that the reply raises new issues, in violation of Local Rule 7(c). This is not a reason to strike the entire reply. This court will not address new issues raised for the first time in reply memoranda. *See, e.g., OneBeacon Am. Ins. Co. v. Elwell*, Civil No. 09-342-P-H, 2009 WL 4910056, at *5 n.7 (D. Me. Dec. 13, 2009). I will not consider any new issues or arguments raised in the defendant's reply memorandum. The plaintiffs' motion (ECF No. 69) to strike the defendant's reply to their opposition to his motion to retain certain classified designations (ECF No. 64) raises identical arguments and is denied for the same reasons.

I will address the plaintiffs' concerns about the various versions of the declarations submitted by the defendant in connection with the defendant's motions to substitute, discussed below.

For these reasons, the defendant's motion for leave to exceed the page limit applicable to his reply memorandum is granted, and the plaintiffs' motion to strike the reply memorandum is denied. The plaintiffs' motion in the alternative for leave to file a sur-reply is accordingly moot.

### C. Motion to Dismiss under the Anti-SLAPP Statute

The defendant asserts that all of the statements attributed to him in the complaint "were made for the purpose of encouraging public support for governmental intervention and therefore constitute petitioning activity[.]" Motion to Dismiss at 1. He notes that the Maine Law Court has said that the Maine legislature "intended to define in very broad terms those statements that are covered by the statute." Motion to Dismiss at 5, quoting *Schelling v. Lindell*, 2008 ME 59 ¶ 2, 942 A.2d 1226, 1230. The definition of the right to petition under the statute includes activities related to matters not currently pending before a legislative body. *Schelling*, 942 A.2d at ¶ 14.

The plaintiffs respond that they are not suing the defendant "for anything remotely qualifying as an exercise of his right to petition government for some grievance, let alone a grievance of Kendrick's own."   Plaintiffs' Objection and Memorandum in Opposition to Defendant's Special Motion to Dismiss ("Dismissal Objection") (ECF No. 24) at 1.   Evaluation of motions to dismiss based on the anti-SLAPP statute is a two-step process.

> At the first step, the court determines whether the anti-SLAPP statute applies.   At this step, the moving party (*i.e.,* the defendant) carries the initial burden to show that the suit was based on some activity that would qualify as an exercise of the defendant's First Amendment right to petition the government.   If the moving party fails to meet its burden at this step, the anti-SLAPP statute does not apply, and the special motion is denied.

> If the moving party demonstrates that the suit is based on some activity that would qualify as an exercise of the defendant's First Amendment right to petition the government, and therefore the statute applies, the burden shifts to the nonmoving party to establish, through pleadings and affidavits, that the moving party's exercise of its right of petition (1) was devoid of any reasonable factual support or any arguable basis in law, and (2) caused actual injury to the nonmoving party.   If the nonmoving party fails to meet its burden at this second step of the analysis, the court must grant the special motion to dismiss.

*Nader v. Maine Democratic Party*, 2012 ME 57, ¶¶ 16-17, 41 A.3d 551, 557 (citations and internal quotation marks omitted).

After considering the constitutional implications of this process, the Maine Law Court in *Nader* announced the burden on the parties at the preliminary anti-SLAPP dismissal stage:

> Upon a special motion to dismiss, a nonmoving party's action or claim should be allowed to proceed unless the nonmoving party . . . by pleading or affidavits, fails to make a prima facie showing that any, rather than all, of the petitioning activities by the moving parties . . . were devoid of any reasonable factual support or arguable basis in law.

*Id*. at ¶ 36, 41 A.3d at 563.

6

Application of this test to the instant case makes it unnecessary to address the question of whether the defendant has demonstrated that the suit is based on an exercise of his First Amendment right to petition the government.   Assuming *arguendo* that the defendant's submissions meet this standard, the plaintiffs have made a prima facie showing that one or more of the defendant's petitioning activities were devoid of reasonable factual support or arguable basis in law.  This is so because:

> [t]o avoid an unconstitutional application of the law, . . . section 556 must be construed, consistent with usual motion-to-dismiss practice, to permit courts to infer that the allegations in a plaintiff's complaint and factual statements in any affidavits responding to a special motion to dismiss are true.  This standard, consistent with other dispositive motion practice, requires only that the nonmoving party provide prima facie evidence to support its burden of showing that the moving party's petitioning activity was devoid of any reasonable factual support or any arguable basis in law and that the moving party's acts caused actual injury to the responding party.

*Id* ¶ 33, 41 A.3d at 562.

The verified complaint adequately asserts that several of the defendant's specific statements were false and known to him to be false, which is evidence that those statements, if they may reasonably be construed as petitioning activity, were devoid of any reasonable factual support.  *See, e.g.,* Verified Complaint ¶¶ 63, 65-67, 74-75.  The same is true of the affidavit filed by Michael Geilenfeld with the plaintiffs' opposition to the motion to dismiss.  *See* Plaintiff Michael K. Geilenfeld's Declaration Pursuant to 28 U.S.C. § 1746 (ECF No. 24-1) ¶ 4.  There is also sworn evidence of actual injury to the plaintiffs.  *Id*. ¶¶ 8-11.

Shorn of their overheated rhetoric, the defendant's motion and reply essentially ask this court to ignore this evidence because he believes his cause to be just and he characterizes his allegations as extremely serious. Nor do the declarations of two former residents of St. Joseph Family of Haiti facilities (ECF Nos. 27-3, 27-4), provided by the defendant with his reply, a

point at which the plaintiffs cannot make a reply without leave of court, change the fact of the plaintiffs' sworn and complete denial. At this stage of the proceedings, neither the intensity of a litigant's belief nor the relative weight of the proffered evidence is a relevant factor.

The motion to dismiss based on the Maine anti-SLAPP statute should be denied.

### D.  Motion to Dismiss Plaintiff Geilenfeld

The defendant moves to dismiss plaintiff Geilenfeld "in his capacity as executive director of St. Joseph Family of Haiti[,] on behalf of St. Joseph Family of Haiti and its residents[.]" Geilenfeld Motion (ECF No. 52) at 1. This motion arises out of the apparent inconsistency between the verified complaint's identification of the parties as Hearts with Haiti, Inc., Geilenfeld as an individual, and the defendant, Verified Complaint ¶¶ 1-3, with its caption, which identifies Geilenfeld as an individual and "in his capacity as Executive Director of St. Joseph Family of Haiti[,] on behalf of St. Joseph Family of Haiti and its residents." *Id*. at 1. The defendant expresses concern that "the Plaintiffs have ambiguously characterized 'St. Joseph Family of Haiti,' its subsidiaries, and each and every one of 'its residents' as claimants whose interests are represented somehow by Mr. Geilenfeld." *Id*. at 2.

The defendant contends that Geilenfeld cannot bring suit on behalf of the St. Joseph Family of Haiti or its resident, who must be named as parties themselves in order to seek relief. *Id*. at 3. The plaintiffs respond that the motion is untimely and that Geilenfeld has standing "to pursue claims . . . for the harm caused . . . to St. Joseph Family of Haiti and to St. Joseph Family of Haiti residents." Plaintiffs' Objection and Memor[]andum in Opposition to Defendant's Motion to Dismiss Plaintiff Michael Geilenfeld "In His Capacity as Executive Director of St. Joseph Family of Haiti['] on Behalf of St. Joseph Family of Haiti and Its Residents." ("Geilenfeld Opposition") (ECF No. 56) at 2.

8

The plaintiffs note correctly that Fed. R. Civ. P. 12 states that a motion to dismiss pursuant to that rule must be made before pleading if a responsive pleading is allowed, *id*., and that the defendant's answer was filed well before the motion to strike. *Compare* ECF No. 8 *with* ECF No. 52. However, the motion to dismiss at issue attacks Geilenfeld's standing to assert claims on behalf of other entities, which arises under Rule 12(b)(1), which is not subject to this requirement. Standing to sue remains an issue that can be addressed by the court at any time during the litigation of a case. Lack of standing is a jurisdictional flaw. *Beck v. Federal Nat'l Mortg. Ass'n*, No. 2:13-cv-00090-JAW, 2013 WL 3883846, at *4 (D. Me. July 26, 2013). Jurisdictional issues, and particularly standing to sue, may not be waived. *Maine Ass'n of Interdependent Neighborhoods v. Commissioner, Maine Dep't of Human Servs.*, 747 F.Supp. 88, 91 (D. Me. 1990).

On the merits, the plaintiffs assert in conclusory fashion that Geilenfeld has standing to bring an action against the defendant on behalf of St. Joseph Family of Haiti, which they acknowledge "is not a separate legal entity under the laws of Maine or the United States," because "St. Joseph Family of Haiti is simply the name under which Geilenfeld carries out his religious mission in Haiti," Geilenfeld Opposition at 5. The case law they cite, however, *id*., merely holds that an individual may seek damages caused to his unincorporated business. They do not hold that the individual may sue "on behalf of" that business. Nothing prevents Geilenfeld from obtaining damages caused to his business, but he must do so in his own name.[2]

With respect to the residents of any St. Joseph Family of Haiti institutions, those are identifiable individual human beings, and they cannot be represented by other, non-lawyer

---

[2] The plaintiffs assert, without citation to authority, that, if St. Joseph Family of Haiti "may be considered an unincorporated association under state law, it does not have capacity to sue in its own name, and thus Michael Geilenfeld may, and in fact must[,] bring action against Defendant Kendrick on behalf of St. Joseph Family of Haiti and its residents as its founder and executive director." Geilenfeld Opposition at 8. The conclusion does not follow from the premise of this argument.

individuals in actions in federal court, nor can they remain unidentified.  To the extent that some

of these residents are minors, Geilenfeld can sue on their behalf only if he is their parent or legal

guardian.  *See, e.g., Watson v. Brewer Police Dep't*, No. 05-32-B-DMC, 2005 WL 2386460, at

*1 (D. Me. Sept. 27, 2005).  No such allegation is made here.

    The motion should be granted to the extent that Geilenfeld purports to seek relief on

behalf of others.

### III.  Memorandum Decision on Other Pending Motions

#### A.  Motion to Stay Discovery

    The defendant moved on May 2, 2013, for "an immediate stay of all discovery

proceedings" based on the filing of the anti-SLAPP motion.  The request is based on language in

Maine's anti-SLAPP statute to the effect that discovery is stayed upon the filing of a special

motion under the statute.  Motion to Stay Discovery (ECF No. 23) at 2.  The plaintiffs take the

position that this portion of the state statute is procedural rather than substantive, and thus not

applicable in federal court.  Plaintiff's Response in Opposition to Stay Discovery (ECF No. 30)

at 4-5.

    This motion has unfortunately remained pending for over four months, obscured by a

flurry of motions filed by both sides and unmentioned by counsel until recently.  The defendant

relies on *Godin v. Schencks*, 629 F.3d 79 (1st Cir. 2010).  Not surprisingly, the plaintiffs contend

that this opinion is inapplicable.  Plaintiffs' Response in Opposition to Motion to Stay Discovery

(ECF No. 30) at 4-5.  I have recommended above that the special motion to dismiss be denied.

    *Godin* does not directly address the issue presented here.  However, it does suggest that

the restriction imposed by the state statute on discovery during the pending of the special motion

does apply, stating that the "good cause" exception to the state statute's prohibition on discovery

may be applied in a federal court when the specific discovery sought would otherwise be allowed in federal court when Fed. R. Civ. P. 56(d) is implicated.  629 F.3d at 91-92.  There is nothing in the Federal Rules of Civil Procedure, nor in this court's local rules, that prohibits a stay of discovery in any civil case in general, or in any specific type of civil case.  Similarly, and contrary to the plaintiffs' contention, there is nothing in this court's standard scheduling order or "pretrial scheduling procedures and discovery procedures before final pretrial conference," Stay Opposition at 5, that prohibits a stay of discovery.

If the provision of the state court statute concerning discovery is applicable, the party opposing the stay must demonstrate that good cause exists to take some *specific* discovery while the special motion to dismiss is pending.  The plaintiffs argue only that *no* discovery should be stayed.  *Id*. at 7-8.  That presentation does not meet the requirements of the state statute.

The question of the applicability of the state statute's provision may have been mooted by events, however.  The motion to stay is granted, but only to the extent necessary to deal with the status of discovery that has actually taken place since it was filed.  That result is accomplished by granting the defendant's unopposed motion to extend the discovery deadline to October 31, 2013.  ECF No. 70.

### B.  Defendant's Motion for Leave to Substitute

The defendant seeks leave to replace two of the declarations filed with his reply brief in support of his motion to dismiss, discussed above.  Defendant's Motion for Leave to Substitute Declarations (ECF No. 34).  These declarations are ECF Nos. 29[3] and 27-4.  He asserts that it was first brought to his attorney's attention on May 29, 2013 "that a discrepancy existed between the jurat that accompanied the actual signatures of the two declarants and the oath that accompanied their electronic signatures on documents filed with this Court."  *Id*. at [1].  He

---

[3] The defendant replaced ECF No. 27-3 with ECF No. 29.

explains that the error was unintentional and "a product of transmitting [sic] paper documents to electronic format for filing[.]" *Id.* at [1]-[2].

The plaintiffs respond that the motion "does not excuse or explain" the first filing of the declarations, prejudices them, and would allow substitution "in support of an improper reply." Plaintiffs' Objection and Opposition to Defendant's Motion for Leave to Substitute ("Substitution Opposition") (ECF No. 35) at 1.  I have already rejected the plaintiffs' contentions that the defendant's reply memorandum submitted in support of his motion to dismiss was "improper," and, in any event, that issue is irrelevant to the resolution of the motion to substitute.

The discrepancies between the "original" declarations and those submitted to the court with ECF No. 27, as described by the plaintiffs, are that neither original "was executed as an unsworn declaration under 28 U.S.C. § 1746," *id.* at 2, despite the statement on each submitted version that "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct[,]" ECF Nos. 27-4 and 29 at [2], and that one "was not notarized at all on its face," Substitution Opposition at 2.  The attachment that the plaintiffs attach to their opposition does not substantiate the latter assertion.

The plaintiffs appear to believe that the substitute declarations (ECF Nos. 34-1 and 34-2), revised only in the form of their attestations, should be rejected because the individual plaintiff swears that he never met a person with the name of one of the declarants and both declarants' allegations are "heinous and outrageous" and denied by the individual plaintiff.  *Id.* at 3.  Neither is a reason to deny the motion to substitute properly attested declarations for improperly attested ones.  While the sloppiness of the initial filing is regrettable, the motion is granted on the showing made.

## C.  The Defendant's Motions to Seal

Remaining for resolution at this time are the defendant's three motions to seal the declarations discussed above.  ECF Nos. 26, 28, & 31.  The plaintiffs' opposition to the first two motions is set forth in a document entitled Plaintiffs' Response in Opposition to Motions to Seal (ECF No. 32).  Because I have granted the defendant's motion to substitute ECF Nos. 34-1 and 34-2 above, the first two motions are now moot.

The remaining motion to seal concerns the substituted declarations.  Defendant's Motion to Seal (ECF No. 33).  It asks to redact the names and dates of birth of the declarants and a friend mentioned in one of the declarations, because the declarations "concern matters that are of an extremely personal and sensitive nature."  *Id.*

The plaintiffs oppose this motion, characterizing it as "plainly unjustified and against the well[-]established public right to access court documents[.]"  Plaintiffs' Response in Opposition to Defendant's Third Motion to Seal ("Sealing Opposition") (ECF No. 37) at 2.  They assert that the defendant has already published the identities of these individuals "over the internet and in mass emails," rendering the motion to seal "fundamentally incongruous[.]" *Id.*

The plaintiffs assert that the motion must be denied for these reasons and because the declarants and the friend are now adults and their declarations are false.  *Id.* at 2-3.  They cite no authority in support of any of these specific arguments.  Broad generalities about the right of the public to have access to documents filed in court are of little assistance in the context of this case, which involves allegations of sexual abuse of children. As this court has repeatedly noted, access to judicial records is not an absolute right.  *E.g., Tower v. Leslie-Brown*, 167 F.Supp.2d 399, 404-05 (D. Me. 2001).

Whether the declarations are true or false is not an issue before the court at this time and in any event is not a consideration in the analysis of a motion to redact the personally-identifying information from the declarations that otherwise will continue to be available to the public.  The fact that the declarants are now adults while their allegations concern events that occurred when they were children does not make those events any less sensitive and personal.

While the fact that the defendant has already published the identities of the declarants is a matter of somewhat greater concern, it is this court's policy that personally-identifying information will be removed from documents filed with the court concerning individuals other than the parties to the litigation.  Birthdates, other than the year, must be redacted pursuant to Fed. R. Civ. P. 5.2(a).  In this case, the defendant has demonstrated good cause for the redaction of the names of the two declarants as well, although not for the sealing of the entire documents. See Fed. R. Civ. P. 5.2(e)(1); *see S.C. # 1 v. Lovette*, Civil Action No. 09-0661-CG-B, 2009 WL 3381457, at *1 (S.D. Ala. Oct. 20, 2009).  Among other interests, redaction of the names will encourage people to report child abuse by keeping their names confidential.  *See Tower*, 167 F.Supp.2d at 405.

## IV.  Conclusion

For the foregoing reasons, I recommend that the defendant's motion to dismiss (ECF No. 13) be **DENIED** and that the defendant's motion to dismiss Geilenfeld as a party plaintiff (ECF No. 52) be **GRANTED** to the extent that Geilenfeld purports to represent the interests of other individuals or entities and otherwise **DENIED.**

The plaintiffs' motion to strike (ECF No. 31) is **DENIED.**  The defendant's motion to stay discovery (ECF No. 23) is **GRANTED,** but only to the extent to be determined in a conference of counsel to be held by telephone as soon as practicable.  The defendant's motion

for leave to exceed the page limit (ECF No. 25) is **GRANTED**. The defendant's motion for leave to substitute (ECF No. 34) is **GRANTED**. The defendant's first two motions to seal (Docket Nos. 26 & 28) are **MOOT**. The defendant's third motion to seal (Docket No. 33) is **GRANTED**, but only to the extent of allowing redactions of the names and dates of birth of the declarants and the declarant's acquaintance in ECF Nos. 34-1 and 34-2. The plaintiffs' motion to strike the defendant's reply to his motion to retain classified designation (ECF No. 69) is **DENIED**.

## *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which <u>de novo</u> review by the district court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to <u>de novo</u> review by the district court and to appeal the district court's order.*

Dated this 30th day of September, 2013.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge