*UNITED STATES DISTRICT COURT*
*DISTRICT OF MAINE*

| | | |
|---|---|---|
| *HEARTS WITH HAITI, INC., and* | ) | |
| *MICHAEL GEILENFELD,* | ) | |
| | ) | |
| *Plaintiffs,* | ) | |
| | ) | |
| *v.* | ) | *No. 2:13-cv-39-JAW* |
| | ) | |
| *PAUL KENDRICK,* | ) | |
| | ) | |
| *Defendant* | ) | |

*MEMORANDUM DECISION ON MOTIONS TO RETAIN CLASSIFIED DESIGNATION*

The plaintiffs and the defendant have both filed motions to retain their designations of certain documents produced in discovery as confidential. The motions are brought pursuant to the confidentiality order that has been entered in this case. ECF No. 16. That order provides, in relevant part:

> If the parties cannot reach agreement as to any documents designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER, for the purpose of discovery, the designating party shall file within 30 days of the service of the [opposing party's] objection a motion to retain the CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER designation. The moving party has the burden to show good cause for the CONFIDENTIAL – SUBJECT TO PROTECIVE ORDER designation.
> * * *
> Applications to the Court for an order relating to documents designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER shall be by motion under Local Rule 7. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

Consent Confidentiality Order (ECF No. 16) ¶¶ 8(c), 9.

The defendant seeks to retain the designation of confidential for "identifying information of young people who have alleged that they are the victims of child sex abuse." Defendant's Motion to Retain Classified Designation of Certain Documents ("Defendant's Motion") (Docket No. 49) at 1. The plaintiffs seek to retain the confidentiality of information about their donors and to amend the Consent Confidentiality Order to prevent the defendant from using discovery information for any purpose other than trial and appeal, or, in the alternative, to retain as confidential all documents so designated by the plaintiffs. Plaintiffs' Motion to Retain Confidential Designations and to Amend the Confidentiality Order ("Plaintiffs' Motion") (ECF No. 65) at 4-9.

I grant each of the motions in part.

## I. Defendant's Motion

The defendant asks to maintain as confidential all documents in which personally identifying information about the alleged victims of sexual abuse appears. Defendant's Motion at 1. The plaintiffs object, asserting that the defendant has designated as confidential some 3,477 pages of produced documents, without specifying to which of those documents his motion refers. Plaintiffs' Response in Opposition to Defendant's Motion to Retain Classified Designation of Certain Documents ("Plaintiffs' Opposition") (ECF No. 60) at 1. Preventing the plaintiffs from seeing these documents, which would be the practical effect of granting the motion, they assert, would deprive the plaintiffs of their "ability to prepare their case against" the defendant. *Id*. The defendant responds that "[a]s of August 6, 2013, [he] has now identified by Bates Number all documents that must continue to be protected by the Confidentiality Order[,]" Defendant's Reply to Plaintiffs' Response in Opposition to Defendant's Motion to Retain Classified Designation

("Defendant's Reply") (ECF Nos. 63-1 & 64) at 3.  He asserts that "only 9% of documents produced by Defendant so far . . . remain classified." *Id.*

This is a much more reasonable set of documents for which to seek continuing confidentiality.  The defendant's motion emphasizes the need to shield personally identifying information about those who are identified as victims of child sexual abuse from the public, and I agree that documents including such information should remain sealed.  *See, e.g., Curry v. McNeil*, No. 3:08cv539/LAC/EMT, 2009 WL 395247, at *2 (N.D. Fla. Feb. 17, 2009).

However, the plaintiffs assert that the defendant "has asked the Court to retain as attorneys' eyes only" the documents to which his motion refers.  Plaintiffs' Opposition at 1.  That further limitation is not apparent from the defendant's motion, but Paragraph 5(b)(5) of the Confidentiality Order does provide that parties may have access to documents designated confidential only by written consent of the designating party or upon order of the court.  I assume, therefore, that the plaintiffs mean to refer to this provision.  It is deficient for the defendant, under these circumstances, to cast his argument only in terms of public access.

The plaintiffs contend that the defendant's motion is "sanctionable," because the identity of each of the three or four alleged victims of child sexual abuse, all of whom are now adults, has already been published to "the world at large" by the defendant himself.  Opposition at 4-5.  I have not been provided with sufficient information to know whether these are the only individuals at issue in connection with this motion.  *See, e.g.,* Defendant's Reply at 2 & n.2 (alluding to other victims).  While I find the defendant's carefully-worded response to this charge less than helpful,[1] the plaintiffs also admit that "less than ten" pages of the documents

---

[1] The defendant asserts that he is not the administrator of the website identified by the plaintiffs and "does not control everything posted on the website."  Defendant's Reply at 2 n.1.  This falls noticeably short of a denial of the plaintiffs' claim that the defendant himself has published the identities of three or four alleged victims on the site.

designated confidential by the defendant mention other alleged victims not identified to date on the website.  Opposition at 5.

It appears reasonable, on the showing made, to prevent public access to identifying information about the alleged victims of sexual abuse involved in this case, whether or not that information might be available to the public somewhere else, to the extent that such information is located in the reduced number of pages now designated confidential by the defendant.  The information must be made available to plaintiff Geilenfeld and a representative of the corporate plaintiff, however, so that the plaintiffs and their attorneys can prepare their case adequately. Therefore, I will order that limited disclosure, reminding the plaintiffs and their attorneys that they may not make any further disclosure of that evidence in any manner not specifically allowed by the Confidentiality Order.

I reject the plaintiffs' demand for sanctions based on the defendant's designation of a few "publically available documents" as confidential.  If the defendant continues to insist that such documents remain confidential under the terms of the Confidentiality Order, the plaintiffs may bring the matter to the court's attention, and shall provide evidence in each instance of actual public availability.  One or two instances of such designation, before this decision is issued, do not constitute sanctionable conduct in this case.

## II.  The Plaintiffs' Motion

The plaintiffs move to retain the confidentiality designation that they have assigned to certain specific documents provided to the defendant in discovery.  Plaintiffs' Motion to Retain Confidential Designations and to Amend the Confidentiality Order ("Plaintiffs' Motion") (ECF No. 65) at 8.  They assert that the defendant has used information that they have provided in discovery to "further harass and intimidate an expected non-party witness at trial[,]" and provide

4

copies of e-mails from the defendant to the witness's employer, colleagues, and superiors. *Id.* at 3. They contend that this behavior justifies prohibiting the defendant from seeing certain specified documents that they have produced and designated as confidential. *Id.* at 4-8. In addition, they seek an amendment to the Confidentiality Order to make clear the prohibition on use of discovery materials designated as confidential for any purpose other than trial preparation and trial. *Id.* at 8-9.

In response, the defendant does not deny that he has used discovery materials in this manner, choosing instead to argue that the plaintiffs have not established good cause for the limitations they seek. Defendant's Opposition to Plaintiffs' "Motion to Retain Confidential Designations and to Amend the Confidentiality Order ("Defendant's Opposition") (ECF No. 71) at 1-4. He asserts that the plaintiffs are asking the court "to classify all documents they have produced in this case as private." *Id.* at 1.[2] The plaintiffs characterize the subject of their request as only their donor list. Plaintiffs' Motion at 8. I will assume that the specific documents listed by the plaintiffs in their motion are limited to their donor lists and donor contact information.

If the defendant in fact is engaging in the very activity that is the subject of the plaintiffs' claims against him and if he is doing so or is likely to do so using the information that the plaintiffs have provided in discovery, good cause for specifically limiting the defendant's use of discovery material in fact exists. Many courts have held that customer lists are confidential documents that should only be disclosed in discovery pursuant to a protective order. *Nutratech, Inc. v. Syntech (SSPF) Int'l, Inc.*, 242 F.R.D. 552, 554 n.2 (C.D. Cal. 2007) (citing cases). A nonprofit organization's donor list is entitled to the same protection. *See, e.g., Klayman v.*

---

[2] However, the defendant later asserts that the plaintiffs have designated as confidential "approximately 1,500 of the 1,897 pages they have produced to date[,]" Defendant's Opposition at 3 n.2, which is something less than "all." Neither side of this dispute has informed the court as to how many of these 1,500 pages are "donor lists" or "donor contact information," which is what is in dispute, so far as I can tell.

*Judicial Watch, Inc.*, 247 F.R.D. 19, 22-24 (D.D.C. 2007) (court ordered strict limits on use of discovery where plaintiff was engaged in fundraising effort to support attacks on defendant nonprofit).

To meet their burden of showing good cause for the restrictions they seek, the plaintiffs must articulate specific facts to support their request and cannot rely on speculative or conclusory statements. *Id*. at 23. In *Klayman*, those facts included: the plaintiff launched a website and a fundraising campaign aimed directly at supporters of the defendant;   he mailed tens of thousands of direct mail solicitations to members of the defendant organization; the mailings, advertisements in two national publications, and website were based on intentionally false, misleading or disparaging statements that caused the defendant to lose donors. *Id*. at 21-22. Sixteen exhibits substantiated these facts. *Id*. at 23. The court found it significant that the plaintiff would not be harmed by an order limiting the dissemination of discovery information, to which he would not have access but for the litigation. *Id.* The evidence in this case does not differ significantly from that listed by the *Klayman* court.

Given the "substantial interest in preventing . . . abuse of . . . processes[]" involved in discovery, *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 35 (1984), an order prohibiting the defendant from "publishing, disseminating, or using the information [provided by the plaintiffs in discovery] in any way except where necessary to prepare for and try the case[]," *id*. at 27, is justified in this case. The text that the plaintiffs propose to add to the Consent Confidentiality Order as Paragraph 15 is adopted, with added language limiting corporate disclosure to a single corporate representative, as follows:

> **15. Use of Discovery.** This order forbids the use or disclosure of discovery information by the parties, counsel for the parties, or their experts, for any purpose whatsoever other than to prepare for and present at trial in the above-captioned matter, including any appeal thereof.

> Information obtained through discovery shall not be used for any publications purposes or disseminated to anyone other than counsel for the parties, the parties – and in the case of the corporate party, a single representative—or their experts.

*See Klayman*, 247 F.R.D. at 23-24.

The plaintiffs' request that the defendant be barred from access to all donor information is a different matter, however. As was the case in *Klayman*, *id*. at 24-25, the limiting, new Paragraph 15 added to the confidentiality order will "guard against [the plaintiffs'] fear that [the defendant] will use information obtained during discovery in his campaign [against the plaintiffs]." The ability of the defendant and his counsel to consult during trial preparation is an important concern. If and when the plaintiffs present this court with evidence that the defendant has violated the amended confidentiality order, the court will consider imposing a counsel's-eyes-only limitation on any specified documents from the information provided in the plaintiffs' responses to the defendant's discovery requests. Ultimately, of course, violations of this court's orders can lead to a finding of contempt of court. *See Klayman*, 247 F.R.D. at 25.

### III. Conclusion

For the foregoing reasons, the defendant's motion (ECF No. 49) is **GRANTED** but only as to public access to information identifying possible victims of sexual abuse, and otherwise **DENIED**; and the plaintiffs' motion (ECF No. 65) is **GRANTED**, but only as to the addition of the requested paragraph to the Consent Confidentiality Order (ECF No. 16) and otherwise **DENIED**.

### *NOTICE*

*In accordance with Federal Rule of Civil Procedure 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.*

*Failure to file a timely objection shall constitute a waiver of the right to review by the district court and to any further appeal of this order.*

Dated this 21st day of October, 2013.

/s/  John H. Rich III
John H. Rich III
United States Magistrate Judge