UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

HEARTS WITH HAITI, INC., and )
MICHAEL GEILENFELD, )
                                                       )
      *Plaintiffs* )
                                                       )
*v.* )     No. 2:13-cv-39-JAW
                                                       )
PAUL KENDRICK, )
                                                       )
      *Defendant* )

## *MEMORANDUM DECISION ON REQUEST FOR MODIFICATION*

The plaintiffs have filed an "Objection to and Request for Modification" of my memorandum decision (ECF No. 81) on their motion to retain confidential designations (ECF No. 65). The defendant objects in part. Treating this request as a motion for reconsideration, I grant it in part.[1]

### I. Limitation to Single Corporate Representative

The plaintiffs first seek to delete the limiting language added by the memorandum decision to their proposed amendment to the existing Consent Confidentiality Order (ECF No. 16). That language now reads, as a result of my memorandum decision:

> **15. Use of Discovery.** This order forbids the use or disclosure of discovery information by the parties, counsel for the parties, or their experts, for any purpose whatsoever other than to prepare for and present at trial in the above-captioned matter, including any appeal thereof.

---

[1] The plaintiffs have combined into their single filing (ECF No. 88) a motion for reconsideration of portions of my memorandum decision, directed to me, and an "objection" to that memorandum decision, arguably directed to Judge Woodcock. As noted, the plaintiffs' motion shall be treated as a motion for reconsideration. Should the plaintiffs wish to object to any element of the Consent Confidentiality Order as amended herein and in my memorandum decision, ECF No. 81, they are directed to file the appropriate Fed. R. Civ. P. 72(a) objection with the court.

1

> Information obtained through discovery shall not be used for any publications purposes or disseminated to anyone other than counsel for the parties, the parties – and in the case of the corporate party, a single representative – or their experts.

The plaintiffs point out that the limitation offset by dashes in this paragraph, "and in the case of the corporate party, a single representative", prohibits their attorneys from sharing with more than one corporate representative information obtained through discovery, including documents that have not been designated confidential. Plaintiffs' Objection to and Request for Modification of Court's Memorandum Decision on Plaintiffs' Motion to Retain Confidential Designations and to Amend the Confidentiality Order ("Motion") (ECF No. 88) at 2. They seek to eliminate the phrase.

I agree that board members and employees of the corporate plaintiff should not be denied access to discovery information that is not confidential. On the other hand, access to information designated confidential, in this hotly contested and emotionally charged case, should be limited to a single representative of the corporate plaintiff in order to avoid disclosure of confidential material to an uncertain number of board members and employees. The defendant does not oppose this modification. Defendant's Opposition to Plaintiffs' Objection to and Request for Modification of Court's Memorandum Decision on Plaintiffs' Motion to Retain Confidential Designations and to Amend the Confidentiality Order 9 ("Opposition") (ECF No. 93) at 2. Accordingly, Paragraph 15 of the Consent Confidentiality Order is further amended to read as follows:

> **15. Use of Discovery.** This order forbids the use or disclosure of discovery information by the parties, counsel for the parties, or their experts, for any purpose whatsoever other than to prepare for and present at trial in the above-captioned matter, including any appeal thereof. Information obtained through discovery shall not be used for any publication purposes or disseminated to anyone other than counsel for the parties, the parties, or their experts. Information designated

confidential shall be disclosed only to a single representative of the corporate plaintiff.

## II. Disclosure to "Other" St. Joseph Family of Haiti Employees

The plaintiffs also seek further "clarification" of Paragraph 15 of the Consent Confidentiality Order, asking the court to tell them whether discovery information may be shared with employees of St. Joseph Family of Haiti, a non-party to this action. Motion at 3. The language of the paragraph, other than the now-revised final sentence, was proposed by the plaintiffs. Plaintiffs' Motion to Retain Confidential Designations and to Amend the Confidentiality Order (ECF No. 65) at 3.

The plaintiffs assert that Geilenfeld "must access and use discovery information in the context of pursuing claims of damages to St. Joseph Family of Haiti[,]" by disclosing discovery information to unspecified, "other St. Joseph Family of Haiti employees." Motion at 3. This is an insufficient basis upon which to expand the plain language of Paragraph 15. In response to a similar objection by the defendant, the plaintiffs in their reply memorandum assert that they and their attorneys "must be entitled to investigate th[e] individuals" whom the defendant has identified as victims of sexual abuse and "prepare to expose perjury by any person who actually testifies to abuse." Plaintiffs' Reply to Defendant's Response to ECF No. 88 ("Reply") (ECF No. 98) at 6.

Paragraph 15 of the Consent Confidentiality Order does not prevent the plaintiffs from doing so. The plaintiffs suggest that Geilenfeld must disclose the identities of the named individuals to employees of the St. Joseph Family of Haiti in order to determine whether they "have ever resided at St. Joseph Family of Haiti or even met Geilenfeld." *Id*. at 7. It is not at all clear why Geilenfeld cannot review the necessary records himself. Much of the specific information that the plaintiffs assert that they are entitled to seek about each purported victim,

*id.*, may be sought at deposition of these individuals. If plaintiffs' counsel nonetheless believe that further inquiry is necessary, they may apply to the court for permission to undertake specific use of information obtained through discovery for that purpose. Counsel are warned that any person to whom such information is disclosed will, at a minimum, be required to acknowledge in writing the terms of the Consent Confidentiality Order and to agree to be bound by its terms.

Finally, the plaintiffs reiterate their request that disclosure of the corporate plaintiff's donor lists be limited to attorneys' eyes only. Motion at 4-5. I am unpersuaded, for the reasons previously stated in my memorandum decision (ECF No. 81).

### III. Conclusion

The plaintiffs' motion for reconsideration is **GRANTED** in part, as set forth above, and otherwise **DENIED.**

### *NOTICE*

*In accordance with Federal Rule of Civil Procedure 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.*

*Failure to file a timely objection shall constitute a waiver of the right to review by the district court and to any further appeal of this order.*

Dated this 27th day of December, 2013.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge