*UNITED STATES DISTRICT COURT*
*DISTRICT OF MAINE*

| | | |
|---|---|---|
| **HEARTS WITH HAITI, INC., and** | ) | |
| **MICHAEL GEILENFELD,** | ) | |
| | ) | |
| *Plaintiffs* | ) | |
| | ) | |
| *v.* | ) | *No. 2:13-cv-39-JAW* |
| | ) | |
| **PAUL KENDRICK,** | ) | |
| | ) | |
| *Defendant* | ) | |

***MEMORANDUM DECISION ON MOTION FOR SANCTIONS***

The plaintiffs seek sanctions against the defendant for his violation of the consent confidentiality order entered in this case (ECF No. 16). Plaintiffs' Motion for Sanctions Against Defendant for Violation of the Court's Orders ("Motion") (ECF No. 99). I grant the motion.

## I. Background

In this hard-fought defamation action, the parties have battled frequently over documents that one side wishes to designate as confidential. Even after the entry of the consent confidentiality order on April 29, 2013, the battles continued. *See* ECF Nos. 26, 28, 32, 33, 37, 41, 46, 49, 60, 64, 65, 71, 72, 88, 93, 97. On August 12, 2013, the plaintiffs filed on the court's electronic docket (CM/ECF) a motion to amend the consent confidentiality order, to which they attached, *inter alia*, their response to the defendant's Interrogatory Number 3, which included a list of donors and benefactors who had withheld or reduced their financial support of the plaintiffs allegedly due to the defendant's conduct. ECF No. 65-9. The list was marked

confidential but was inadvertently attached to the filing in unredacted form, such that it was available to the public on the national PACER system.

An hour later, the plaintiffs' counsel filed a motion to seal that list, seeking to correct the filing error. ECF No. 66. The court acted on that motion, which was unopposed by the plaintiffs, on August 15, 2013. ECF No. 68. Unbeknownst to the court or counsel, the Clerk's Office failed to remove the unredacted list from the PACER system.

Two days after the court's order, on August 17, 2013, the defendant emailed the sealed version of the list to several individuals included on the list. Motion at 2. These actions only became known to the plaintiffs when, on December 6, 2013, they received documents that had been requested in discovery. Motion at 1.

## II. Discussion

The defendant seeks to avoid his clear violation of the consent confidentiality order and this court's order sealing the document on which the list appeared by asserting that it was his "understanding that documents available to the public through this Court's PACER system were not confidential, and in fact were published by the Court for the public's benefit." Defendant's Objection to Plaintiffs' Motion for Sanctions ("Opposition") (ECF No. 106) at [1]. This assertion is rejected. The document was labeled confidential, the motion seeking to rectify the filing error was promptly filed with a copy to the defendant through his attorneys, and the court's order granting the motion to seal the document was entered on the docket before the defendant's publication and also sent electronically to the defendant's attorneys. The confidential nature of the document could not have been clearer.

That the defendant sought to benefit surreptitiously from the court's error is also clear. By his own admission, he knew that the document was erroneously available to the public on

PACER from August 13 through at least the date of the filing of his opposition to the instant motion, on January 3, 2014. *Id*. at [1]-[2]. Yet, he never informed the court of this fact.[1] Nor did the defendant inform the plaintiffs of the court's error, making his current argument, that the fact that the plaintiffs did not take "further steps . . . to remove them from public access," *id*. at [1], absolves him, ring particularly hollow. The plaintiffs had no reason to check PACER; they were entitled to assume that the court had acted in accordance with its own order.

The only remaining question concerns the nature of an appropriate sanction for this intentional violation of the court's orders. Citing this court's initial ruling on the confidentiality of the donor lists, *see* ECF No. 81, the plaintiffs propose as a sanction a "counsel's eyes only" limitation on any and all documents "containing Plaintiffs' confidential donor lists." Plaintiffs' Reply to Defendant's Responses to Motion for Sanctions Against Defendant for Violations of the Court's Discovery Orders ("Reply") (ECF No. 119) at 1-2.

On the showing made, the requested sanction appears to present a case of closing the barn door after the horse has escaped. Nonetheless, that is the requested sanction, and it is well within the scope of reasonable sanctions for the egregious misconduct of the defendant here. I will impose the requested sanction.

In addition, this court has the power to impose sanctions that have not been specifically requested when the circumstances warrant, *see, e.g., Baella-Silva v. Hulsey*, 454 F.3d 5, 12 (1st Cir. 2006) (court has wide discretion in choice of sanctions), and this is such a case. Under similar circumstances, courts have imposed sanctions ranging from a fine of $2,500, *Bernard v. Galen Group, Inc.*, 901 F. Supp. 778, 783-84 (S.D.N.Y. 1995), to dismissal of the action, *Baker v. Transunion L.L.C.*, No. CV-06-2927-PCT-NVW, 2008 WL 544826, at *4 (D. Ariz. Feb. 26,

---

[1] The document was removed from PACER after the motion for sanctions went under advisement, as soon as the papers were reviewed in chambers and the error came to light.

2008); *Del Guidice v. S.A.C. Capital Mgmt., LLC*, Civil Action No. 06-1413 (SRC), 2009 WL 424368, at \*11 (D.N.J. Feb. 19, 2009), to entry of a default judgment, *Companion Health Servs., Inc. v. Kurtz*, 675 F.3d 75, 84 (1st Cir. 2012).

A fine of $1,000.00, to be paid only by the defendant and not by his attorneys or their law firm, is appropriate in this case and is due in the office of the clerk of this court no later than 10 days from the date of this memorandum decision.

### III. Conclusion

For the foregoing reasons, the plaintiffs' motion for sanctions is **GRANTED** and the defendant is sanctioned as follows:

1. all documents containing the plaintiffs' confidential donor lists are limited to review by the defendant's attorneys only;

2. the defendant shall immediately destroy all written and electronic copies or originals within his possession or control of the document identified in this action as ECF No. 65-9 and any and all documents or electronic documents, files, or records that contain any information derived from that document; he shall inform all individuals and organizations to which he provided any of the information found in ECF No. 65-9 that the information was provided to them in violation of a court order and must be destroyed; and he shall inform the court in writing and under oath that he has complied with this directive no later than 10 days from the date of this memorandum decision;

3. the defendant shall not accept from any other person or organization any document, written or electronic, or any communication in any form, containing ECF No. 65-9, or any information derived therefrom, and shall destroy any such document or communication immediately upon receipt; and

4

4.  the defendant shall deposit no later than 10 days from the date of this memorandum decision with the clerk of this court the sum of $1,000.00 (one thousand dollars) as a sanction for his violation of this court's orders as set out above.

### *NOTICE*

*In accordance with Federal Rule of Civil Procedure 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.*

*Failure to file a timely objection shall constitute a waiver of the right to review by the district court and to any further appeal of this order.*

Dated this 20th day of March, 2014.

/s/  John H. Rich III
John H. Rich III
United States Magistrate Judge