UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| HEARTS WITH HAITI, INC., and<br>MICHAEL GEILENFELD, | )<br>)<br>) | |
| Plaintiffs | )<br>) | |
| v. | )<br>) | No. 2:13-cv-39-JAW |
| PAUL KENDRICK, | )<br>)<br>) | |
| Defendant | ) | |

### ORDER ON MOTIONS FOR SANCTIONS

Before the court are three motions for sanctions filed by the plaintiffs, Plaintiffs' Second Motion for Contempt and Sanctions Against Defendant for Repeated Violation of the Court's Orders ("Second Motion") (ECF No. 155), Plaintiffs' Third Motion for Contempt and Sanctions Against Defendant for Repeated Violation of the Court's Orders ("Third Motion") (ECF No. 141), and Plaintiff's Fourth Motion for Contempt and Sanctions Against Defendant for Additional Violations of the Court's Orders ("Fourth Motion") (ECF No. 220). I deny the motions for sanctions without prejudice to their reassertion at the appropriate time. Presently, the trial of this case is scheduled to commence in October 2014.

### I.  Discussion

The plaintiffs' second motion for contempt and sanctions is based on the alleged use of confidential information obtained through discovery "to orchestrate a surprise, heavily armed Haitian police force 'raid' on the orphanage in Port-au-Prince during the period of the time that the parties and their counsel were actually in Haiti to conduct depositions[.]" Second Motion at 1. In addition, the plaintiffs allege, the defendant used confidential information to "harass witnesses

1

noticed on Plaintiffs' side, including by bombarding third-party employer representatives of the witness with accusatory emails, or posting discovery information on YouTube or Facebook." *Id*. at 1-2. They also contend that the defendant engaged in "outrageous and unacceptable" behavior during the depositions. *Id*. at 5.

The plaintiffs' third motion for contempt and sanctions arises out of the defendant's alleged use of portions of a report designated confidential and inadvertently disclosed to him by his attorneys in an email "to hundreds of third-party recipients in an effort to further defame and harass Plaintiffs[] and their supporters." Third Motion at 2.

The plaintiffs' fourth motion for contempt and sanctions arises out of the erroneous filing on the public docket by counsel for the defendant of excerpts of confidential discovery deposition transcripts. Fourth Motion at 2-3. Before the error was corrected, the defendant obtained copies of the publicly filed excerpts and mailed them to "hundreds of Plaintiffs' benefactors" as well as publishing them on his public website. *Id*. at 3.

As sanctions, the plaintiffs ask, *inter alia*, for reimbursement of their costs of the depositions, travel, lodging, and attorney fees for preparation for and participation in the depositions held in Haiti, Second Motion at 2; for monetary sanctions against the defendant in addition to that which the court has already imposed, *id.*, Third Motion at 4; Fourth Motion at 5; an order barring the defendant from contesting his liability for the claims made against him in this action or from advancing affirmative defenses at trial, Second Motion at 2, Third Motion at 4, Fourth Motion at 5; costs incurred in preparing and presenting all three motions, Third Motion at 4; a finding of contempt against the defendant, *id.,* Fourth Motion at 5.; and entry of default judgment against the defendant, Fourth Motion at 5.

The defendant responds that many of the plaintiffs' factual allegations are false. Defendant's Unredacted Opposition to Plaintiffs' Second Motion for Contempt and sanctions Against Defendant (ECF No. 160) at 1-2.[1] He apparently contends that much of the alleged conduct in violation of this court's orders was that of one Cyrus Sibert, responsibility for which the defendant's attorneys and the defendant disclaim any responsibility. *Id*. at 2, 5. The plaintiffs allege that Sibert is the defendant's agent. Plaintiffs' Reply in Support of Their Second Motion for Contempt and Sanctions Against Defendant for Repeated Violation of the Court's Orders (ECF No. 164) at 7.

As to the third motion, the defendant responds that he "was motivated by a good faith belief that the document in questions evidences dangers posed to vulnerable young Haitian orphans living at the orphanage." Defendant's Unredacted Opposition to Plaintiffs' Third Motion for Contempt and Sanctions Against Defendant (ECF No. 169) at 2. He characterizes this statement as something other than "justification for any dissemination of any document the Plaintiffs have designated as confidential." *Id.*

In his response to the fourth motion, the defendant points out that "<u>the Plaintiffs themselves</u> made available to the public important excerpts from [a deposition that they had designated confidential in] their opposition to [the defendant's] motion for partial summary judgment. Defendant's Objection to "Plaintiffs' Fourth Motion for Contempt and Sanctions Against Defendant for Additional Violations of the Court's Orders" (ECF No. 223) at 4 (emphasis in original). The defendant's attorney states that he did not file any excerpts on the public docket erroneously; he simply followed the "lead" of the plaintiffs' attorneys in this regard. *Id.* at 6. The

---

[1] The defendant's opposition has been filed under seal, but the plaintiffs' reply was not, and, in any event, the information contained herein has not been treated as confidential.

3

defendant contends, quite erroneously, that the filing of such excerpts "had already been ostensibly approved by the Court." *Id*. at 7.

The fourth motion seeks "an in-person hearing" on all three motions "[i]f the Court deems it necessary[.]" Fourth Motion at 5. Given the hotly disputed nature of the second motion, such a hearing does appear to be necessary. Additionally, several of the specific sanctions requested by the plaintiffs would be appropriately addressed to the trial judge, as they would directly affect the conduct of the trial, and appear to be overly punitive given the availability, and request for, the remedy of contempt, with its associated sanctions. The defendant's opposition to the third and fourth motions is weaker, but that does not mean that any one or more of the particular sanctions sought by the plaintiffs should necessarily be imposed at this time.

In addition, an order to show cause directed to the defendant should issue before I make any recommendations about the plaintiffs' request that the defendant be found in contempt. A party accused of civil contempt is entitled to an evidentiary hearing when there are disputed issues of material fact, *see, e.g., Goya Foods, Inc. v. Wallack Mgmt. Co.*, 290 F.3d 63, 77 (1st Cir. 2002); *FTC v. Case Equip. Co.,* 821 F.Supp. 790, 792 (D. Me. 1993).

## II.     Conclusion

In conclusion, because of the potential effect of some of the plaintiffs' request for specific types of relief on the trial of this case, the need for an evidentiary hearing on at least some of the issues raised by the plaintiffs' motions, and the imminence of trial, I **DENY** the motions for sanctions without prejudice to their renewal during or after trial. Any of the remedies sought by the plaintiffs short of partial or full default, which are extreme sanctions, will continue to be available after trial, when a fuller picture of the effect of the alleged violations will be available,

4

there will be no need to fit the hearing into a limited period of time before the start of trial, and some of the issues may be resolved at or by the trial.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 12th day of September, 2014.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge