UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| HEARTS WITH HAITI, INC., et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) 2:13-cv-00039-JAW ) |
| PAUL KENDRICK, | ) ) ) |
| Defendant. | ) |

**ORDER ON DEFENDANT'S MOTION TO DISMISS**

With trial scheduled to begin in less than one month in this highly contentious diversity case, the Defendant moves to dismiss the corporate Plaintiff's claims for false light invasion of privacy on the grounds that Maine law would not recognize a corporation's right to bring such an action. Although the Maine Supreme Judicial Court has not expressly ruled as to whether a corporation may bring an action for false light invasion of privacy, this Court makes an informed prophecy and concludes that Maine law would not allow a corporation to bring an action for false light invasion of privacy. The Court grants the Defendant's motion and dismisses the corporate Plaintiff's claims based on that tort.

**I.     BACKGROUND**

   **A.     Procedural Background**

On February 6, 2013, Hearts With Haiti, Inc. (HWH) and Michael Geilenfeld filed a complaint against Paul Kendrick, asserting claims for defamation, false light

invasion of privacy, and tortious interference with advantageous economic relationships. *Verified Compl. and Demand for Jury Trial* ¶¶ 89-105 (ECF No. 1) (*Compl.*). The Plaintiffs seek various forms of relief, including punitive damages. *Id.* ¶¶ 106-08. On March 8, 2013, Mr. Kendrick answered the Complaint, denying its essential allegations and asserting several defenses. *Defenses and Answer* at 1 (ECF No. 8). On May 8, 2015, the Plaintiffs filed a supplemental complaint, and Mr. Kendrick answered the Supplemental Complaint on May 15, 2015. *Pls.' Supplemental Compl. and Demand for Jury Trial* (ECF No. 324) (*Supplemental Compl.*); *Defenses and Answer to Pls.' Supplemental Compl.* (ECF No. 333).

On May 19, 2015, Mr. Kendrick moved to dismiss Count II of the Plaintiffs' Complaint and Count V of the Plaintiffs' Supplemental Complaint on the grounds that the law does not recognize a right of privacy for a corporation and arguing that HWH has failed to state claims upon which relief may be granted. *Def.'s Mot. Under Rule 12(b)(6) to Dismiss Pl. Hearts With Haiti, Inc.'s False Light Invasion of Privacy Claim for Failure to State a Claim Upon Which Relief Can be Granted* (ECF No. 334) (*Def.'s Mot.*). The Plaintiffs responded on May 29, 2015. *Pls.' Objection to Def.'s Rule 12(b)(6) Mot. to Dismiss Pl. Hearts With Haiti, Inc.'s False Light Invasion of Privacy Claim* (ECF No. 341) (*Pls.' Opp'n*). On June 1, 2015, Mr. Kendrick replied. *Def.'s Mem. in Reply to Pl. Hearts With Haiti, Inc.'s Objection to Def.'s Rule 12(b)(6) Mot. to Dismiss Its False Light Invasion of Privacy Claim* (ECF No. 343) (*Def.'s Reply*).

This case is set for jury trial with jury selection on July 6, 2015 and trial to proceed immediately thereafter. *Final Pretrial Order* at 2 (ECF No. 342).

### B. Counts II and V

In Count II of the Plaintiffs' Complaint, HWH alleges that (1) Mr. Kendrick's alleged communications to numerous third parties placed it before the public in a false light; (2) Mr. Kendrick knew or acted with reckless disregard as to the falsity of these communications; and (3) these communications caused damage to HWH's reputation, as well as financial loss and consequential damages. *Compl.* ¶¶ 97-100.

In Count V of the Plaintiffs' Supplemental Complaint, HWH alleges a claim for defamation and false light based on additional allegedly defamatory statements made by Mr. Kendrick during the course of this lawsuit, which HWH claims "contributed to and led to the arrest, imprisonment, and detention of Plaintiff Geilenfeld, as an innocent man in Haitian jail." *Supplemental Compl.* ¶¶ 132-38.

## II. THE PARTIES' POSITIONS

### A. Defendant's Motion

Mr. Kendrick argues that Counts II and V should be dismissed as regards HWH because "[t]he common law is well established . . . that corporations do not enjoy a right to privacy that would support such a claim." *Def.'s Mot.* at 1. In support of his contention, Mr. Kendrick cites several cases from outside Maine, the Restatement (Second) of Torts, and one case from the Maine Supreme Judicial Court. *Id.* at 1-2.

### B. Plaintiffs' Opposition

In response, HWH counters that when a corporation seeks "economic or pecuniary damage, or some form of damage to its business operations or property rights, there is no reason to make a distinction between corporate plaintiffs and

individual plaintiffs for this tort." *Pls.' Opp'n* at 1. In HWH's view, because a corporation can maintain other tort claims such as a defamation action, there is no reason why a corporation may not also maintain a claim for false light invasion of privacy. *Id.* at 1-2.

Although HWH acknowledges that the Maine Law Court has not addressed the exact question raised by Mr. Kendrick's motion, it nonetheless argues that analogous decisions from the Maine Law Court, analogous decisions from other jurisdictions, and public policy considerations, should lead this Court to rule in its favor. *Id.* at 2-3. In particular, HWH directs the Court's attention to *Baker's Table, Inc. v. City of Portland*, 2000 ME 7, 743 A.2d 237, *Maietta Construction, Inc. v. Wainwright*, 2004 ME 53, 847 A.2d 1169, 13-C M.R.S. § 302, and 13-B M.R.S. § 202. *Pls.' Opp'n* at 3-4. HWH also contends that because "[t]here is no clear indication from the decisional law that adopted the torts of invasion of privacy in Maine that the torts would be restricted only to natural persons," the Court should not make such a distinction here. *Id.* at 5.

HWH acknowledges that courts outside Maine typically do not allow corporations to pursue a false light claim in the absence of a statute, but nevertheless argues that courts, including the United States Supreme Court, have also held "there should be few or fewer, if any, distinctions drawn between corporations and individuals in constitutional or right-of-action settings, where the corporate form does not itself generate a meaningful difference." *Id.* If the Court were to rule against HWH, HWH opines that such a ruling would "threaten[] to make anomalies of all

4

corporate trespass or misappropriation cases, or any of the host of cases implicating the fundamental right of a corporation to be 'let alone' in its lawful private pursuits." *Id.* at 6-7.

Finally, HWH cites a California case, *H & M Associates v. City of El Centro*, 109 Cal. App. 3d 399, 167 Cal. Rptr. 392 (Cal. Ct. App. 1980), which it says "has provided a more careful delineation of a corporate entity's right to sue for invasion of privacy, in lieu of a blanket restriction on standing." *Pls.' Opp'n* at 7-8.

### C. Defendant's Reply

In reply, Mr. Kendrick asserts that the Law Court cases relied upon by HWH do not establish that Maine would recognize a corporation's right to sue for false light invasion of privacy (stating that neither case "comes close to considering whether a corporation may state a claim for false light invasion of privacy"), and that the California case cited by HWH is an outlier. *Def.'s Reply* at 1. In his view, "HWH falls far short of providing . . . a 'well-plotted roadmap' of Maine law. HWH barely provides a compass." *Id.* at 2 (quoting *Ryan v. Royal Ins. Co. of Am.*, 916 F.2d 731, 744 (1st Cir. 1990)).

## III. DISCUSSION

### A. Legal Standard

Under Rule 12(b)(6), a party may move for dismissal on the basis that the complaint fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). Such a motion may be made after the pleadings have closed or at trial. FED. R. CIV. P. 12(h)(2).

As this is a diversity case, Maine substantive law controls, but where state law is unclear, the Court rules by "'ascertain[ing] the rule the state court would most likely follow under the circumstances, even if [the federal court's] independent judgment on the question might differ.'" *Warren v. United Parcel Serv., Inc.*, 518 F.3d 93, 98 (1st Cir. 2008) (quoting *Blinzler v. Marriott Int'l, Inc.*, 81 F.3d 1148, 1151 (1st Cir. 1996)); *see also Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). In doing so, the Court must interpret and analyze "the rules of substantive law enunciated by the state's highest judicial authority, or, on questions to which that tribunal has not responded, mak[e] an informed prophecy of what the court would do in the same situation." *Blinzler*, 81 F.3d at 1151. The Court "seek[s] guidance in analogous state court decisions, persuasive adjudications by courts of sister states, learned treatises, and public policy considerations identified in state decisional law." *Id.* At the same time, the First Circuit has cautioned litigants who choose to come to federal rather than state court through diversity jurisdiction that they "cannot expect that new trails will be blazed" and litigants must provide a federal court with a "well-plotted roadmap showing an avenue of relief that the state's highest court would likely follow." *Ryan*, 916 F.2d at 744.

Because the Maine Law Court has not directly ruled on whether a corporation may maintain an action for the tort of false light invasion of privacy, the Court considers a number of authorities outlined by the First Circuit in *Blinzler* in order to "mak[e] an informed prophecy of" how the Law Court would likely rule. 81 F.3d at 1151.

### B. False Light Invasion of Privacy Law in Maine

#### 1. Analogous Maine Caselaw

In 1976, the Law Court declared that it would "join a majority of the jurisdictions in the country in recognizing a 'right to privacy,'" and held "it to be the rule in Maine that a violation of this legally protected right is an actionable tort." *Estate of Berthiaume v. Pratt*, 365 A.2d 792, 794 (Me. 1976). The Law Court explained that "[t]he law of privacy addresses the invasion of four distinct interests of the individual":

- (1) intrusion upon the plaintiff's physical and mental solitude or seclusion;
- (2) public disclosure of private facts;
- (3) publicity which places the plaintiff in a false light in the public eye; [and]
- (4) appropriation for the defendant's benefit or advantage of the plaintiff's name or likeness.

*Id.* at 795. The Law Court expressly declared these interests to be those "of the <u>individual</u>." *Id.* (emphasis added).

In *Baker's Table*, the Law Court vacated the dismissal of a complaint filed by an individual and a corporation, after the superior court judge granted dismissal because in his view, the plaintiffs had not complied with Maine Rule of Civil Procedure 80B. 2000 ME 7, ¶ 1, 743 A.2d 237. Among their claims for relief, the plaintiffs asserted a claim for false light invasion of privacy. *Id.* ¶ 5 n.2. The Law

Court held that the superior court judge erred when he concluded that dismissal was proper because the plaintiffs needed to "move for a trial of the facts on the independent claims" and "request that the court specify the future course of the proceedings" under Rule 80B. *Id.* ¶¶ 12-13. The *Baker's Table* Court did not expressly address whether a corporate plaintiff may maintain a false light invasion of privacy action, and only noted in its recitation of the case background that the plaintiffs had brought this claim among others. *Id.* ¶ 5 n.2.

In *Maietta Construction*, a corporate plaintiff and nine individual plaintiffs brought a number of tort claims, including false light invasion of privacy. 2004 ME 53, ¶ 1, 847 A.2d 1169. The Law Court affirmed dismissal of the complaint on the grounds that the trial court did not exceed its discretion when it concluded that the defendants had sustained their burdens on their special motions to dismiss pursuant to Maine's anti-SLAPP statute, 14 M.R.S. § 556,[1] and the plaintiffs had not proven an actual injury. *Id.* ¶¶ 8-9. In dissent, Justice Calkins recited the elements of a false light claim, and observed that the requirements are "similar" to that of

---

[1]   The statute provides, in relevant part:

> When a moving party asserts that the civil claims, counterclaims or cross claims against the moving party are based on the moving party's exercise of the moving party's right of petition under the Constitution of the United States or the Constitution of Maine, the moving party may bring a special motion to dismiss. The special motion may be advanced on the docket and receive priority over other cases when the court determines that the interests of justice so require. The court shall grant the special motion, unless the party against whom the special motion is made shows that the moving party's exercise of its right of petition was devoid of any reasonable factual support or any arguable basis in law and that the moving party's acts caused actual injury to the responding party. In making its determination, the court shall consider the pleading and supporting and opposing affidavits stating the facts upon which the liability or defense is based.

14 M.R.S. § 556.

8

defamation. *Id.* ¶ 26 n.7 (Calkins J., dissenting). As in *Baker's Table*, neither the majority nor the dissent in *Maietta Construction* specifically addressed whether a corporation may maintain a false light invasion of privacy action.

### 2. The Restatement (Second) of Torts

The Restatement provides that a false light claim is intended to protect "the interest of the individual in not being made to appear before the public in an objectionable false light or false position, or in other words, otherwise than as he is." RESTATEMENT (SECOND) OF TORTS § 652E cmt. b (1977) (RESTATEMENT). In addition, "an action for invasion of privacy can be maintained only by a living individual whose privacy is invaded." *Id.* § 652I. Specifically, "[a] corporation, partnership or unincorporated association has no personal right of privacy. It has therefore no cause of action for any of the four forms of invasion covered by §§ 652B to 652E." *Id.* § 652I cmt. c. Nevertheless, the comment notes that a corporation may have "[t]o some limited extent . . . the same rights and remedies as those to which a private individual is entitled under the rule stated in § 652C." *Id.* Section 652C is entitled, "Appropriation of Name or Likeness." *Id.* § 652C.

One year after *Berthiaume*, the Law Court held that a mother did not have a cause of action for invasion of privacy on the basis of an "unauthorized publication of her son's photograph." *Nelson v. Me. Times*, 373 A.2d 1221, 1225 (Me. 1977). In so holding, the Law Court cited section 652I of the Restatement, observing that it "places limitations on actions for violating the right to privacy" and noting the section "is in accord with general decisional law which holds this tort to be purely personal."

9

*Id.* More recently, the Law Court recited the definition of a false light claim, and cited section 652E of the Restatement as its source. *Cole v. Chandler*, 2000 ME 104, ¶ 17, 752 A.2d 1189.

### 3. Other Jurisdictions

Although Maine has not squarely addressed this issue, a number of courts outside Maine have concluded that a corporation or non-individual does not have standing to maintain an action for false light invasion of privacy. *See, e.g., Oberweis Dairy, Inc. v. Democratic Cong. Campaign Comm., Inc.*, No. 08 C 4345, 2009 U.S. Dist. LEXIS 18514, at *2-5 (N.D. Ill. Mar. 11, 2009) (explaining that the Illinois Supreme Court "relies heavily on the Restatement for the definition and elements of a false light claim," and because (1) the Restatement "has long recognized that corporations do not have standing to sue for false light"; (2) other jurisdictions have followed the Restatement; and (3) other jurisdictions have concluded that no action may be maintained by a corporation, even without relying on the Restatement, corporations lack standing for such an action in Illinois); *Felsher v. Univ. of Evansville*, 755 N.E.2d 589, 594 (Ind. 2001) ("Our assessment of the Second Restatement is consistent with an overwhelming majority of other states that have addressed the issue of corporate actions for invasion of privacy"); *Warner-Lambert Co. v. Execuquest Corp.*, 691 N.E.2d 545, 548 (Mass. 1998) ("A corporation is not an 'individual' with traits of a 'highly personal or intimate nature.' Cases from other jurisdictions unanimously deny a right of privacy to corporations"); *Seidl v. Greentree Mortg. Co.*, 30 F. Supp. 2d 1292, 1302 (D. Colo. 1998) (holding that a limited

10

partnership does not have standing to maintain this action); *L. Cohen & Co. v. Dun & Bradstreet, Inc.*, 629 F. Supp. 1425, 1429-30 (D. Conn. 1986) ("[T]he plaintiff has offered the court no persuasive reason to reject the considerable uncontroverted authority that corporations do not enjoy a right to privacy. . . . The law of privacy is thus concerned with the reputational interests of individuals rather than the less substantial reputational interests of corporations") (internal quotation marks omitted).

Against this overwhelming majority view, the California Court of Appeals held in *H & M Associates v. City of El Centro* that partnerships have standing to maintain an action for invasion of privacy. 109 Cal. App. 3d at 409-12. At the time, the *H & M* Court acknowledged that "[w]hether corporations or partnerships have a right to privacy is unsettled." *Id.* at 410. Nevertheless, in its view, a right of privacy is like defamation, and "[t]he distinction between partnerships and individuals and their respective rights to privacy, depending upon the nature of the right asserted, is also a distinction without a difference." *Id.* In addition, the court reasoned that "[i]n the commercial world, businesses, regardless of their legal form, have zones of privacy which may not be legitimately invaded." *Id.* Furthermore, in that case, the partnership's "damages requested relate to the partnership's economic loss—the real property it owned has been foreclosed." *Id.*

### 4. Maine Statutory Law

Under the Maine Business Corporation Act,

> a corporation has perpetual duration and succession in its corporate name and has the same powers as an individual to do all things

11

>    necessary or convenient to carry out its business and affairs, including, without limitation, power to:
>
>    **1. Suit.** Sue and be sued, complain and defend in its corporate name.

13-C M.R.S. § 302. Similarly, under the Maine Nonprofit Corporation Act, a nonprofit corporation may "sue and be sued in its corporate name, and to participate in any judicial, administrative, arbitrative, or other proceeding." 13-B M.R.S. § 202(1)(B). The parties have cited no Maine caselaw and the Court could locate none that addresses whether these statutes grant a corporation the right to sue for false light invasion of privacy or any other type of privacy claim identified in *Berthiaume*.

**C.    Analysis**

The Court makes an "informed prophecy" that the Law Court would not recognize a corporation's right to maintain an action for false light invasion of privacy.

First, in *Berthiaume*, the Law Court expressly provided that the four types of invasion of privacy, including false light, belong to an "individual." 365 A.2d at 795.

Second, the *Baker's Table* and *Maietta Construction* decisions did not expressly expand this right to corporations. Both decisions responded to whether the dismissals were proper based on the reasons articulated by the respective trial courts. It is true that if a corporation does not have the right to sue for false light invasion of privacy, the Law Court could have resolved this part of each appeal on that basis. However, too much may be made of what the Law Court did not do. Courts, especially appellate courts, typically deal with the issues the parties present, not issues they did not present. In fact, in *Baker's Table*, the Maine Law Court observed in a footnote that the trial court had "not ruled upon the City's third motion to dismiss. Therefore,

12

we do not reach the City's claim that the court had an alternative basis for dismissing the complaint." 2000 ME 7, ¶ 7 n.3, 743 A.2d 237.  Although the Law Court did not describe this alternative basis, the *Baker's Table* Court was not disposing of all the potential issues presented by the case.  In short, the fact that the Law Court did not reach the question of whether a corporation may maintain a claim for false light invasion of privacy means only that the Law Court did not reach the issue, not that if it had reached the issue, it would have recognized such a corporate right.

Third, while HWH argues "[t]here is no clear indication from the decisional law that adopted the torts of invasion of privacy in Maine that the torts would be restricted only to natural persons," *Pls.' Opp'n* at 5, this is not a sufficient point to overcome what is an overwhelming majority view.  *See Oberweis*, 2009 U.S. Dist. LEXIS 18514, at *3 ("[A]lthough Defendant has not pointed to any Illinois case that expressly holds that corporations lack standing to sue for false light, neither has Plaintiff cited *any* cases holding that corporations do have standing to sue for false light") (emphasis in original).

Fourth, the Restatement adopted the view that entities such as corporations do not enjoy a right of privacy.  When addressing novel tort issues, the Maine Law Court has traditionally looked to the Restatement.  *See, e.g.*, *Mudgett v. Marshall*, 574 A.2d 867, 870 (Me. 1990) (adopting the general principle set forth in the Restatement that "an employer of an independent contractor is not liable for physical harm caused to another by an act or omission of the contractor or his servant"); *Williams v. Boise Cascade Corp.*, 507 A.2d 576, 577 (Me. 1986) (adopting the

13

Restatement provision on known or obvious dangers); *Vicnire v. Ford Motor Credit Co.*, 401 A.2d 148, 154 (Me. 1979) ("We now adopt the rule of liability [for outrageous conduct causing severe emotional distress] stated in the Restatement of Torts"); *Hixon v. Mathieu*, 377 A.2d 112, 115 (Me. 1977) (quoting the Restatement's description of the emergency doctrine). Indeed, the Law Court cited with approval section 652I of the Restatement in *Nelson* and section 652E in *Cole*. Based on its past practice, it is likely that the Maine Law Court would refer to and adopt the Restatement provision that prohibits a corporation from bringing a false light claim.

Fifth, there is no reason to think that the Law Court would adopt only a portion of the Restatement and the corresponding comments, and not others. *See Oberweis*, 2009 U.S. Dist. LEXIS 18514, at *5 (holding that, among other reasons, because the Illinois Supreme Court had expressly adopted the false light definition from the Restatement, it would also adopt the view provided in the Restatement that corporations do not have standing to make a false light claim). While HWH argues that such an interpretation would "threaten[] to make anomalies of" other torts that corporations may pursue, including misappropriation cases, Pls.' Opp'n at 6-7, the Court disagrees. The Restatement acknowledges that a corporation has a right to bring a misappropriation claim in appropriate circumstances. *See* RESTATEMENT § 652I cmt. c.

Sixth, the overwhelming majority of courts has ruled that corporations do not enjoy a right to false light invasion of privacy. *H & M*, the 1980 California Court of Appeals decision to the contrary, stands alone. *See Desnick v. Capital Cities/ABC,*

*Inc.*, 851 F. Supp. 303, 307 (N.D. Ill. 1994) (rejecting *H & M*); *Felsher*, 755 N.E.2d at 595 n.10 (concluding that corporations do not have a right of privacy and, referring to *H & M*, "[w]e discovered just one opinion to the contrary"). Furthermore, the California Court of Appeals based its conclusion on a then-recently amended provision in the California State Constitution, a provision the state of Maine does not have. *H & M*, 109 Cal. App. 3d at 411 (citing CAL. CONST. art. I, § 1 (among the various "inalienable" rights of "all people" is the right of "privacy")). In addition, months after the California Court of Appeals decided *H & M*, another division of the same appellate court rejected the notion that a corporation has a right of privacy. *Ion Equip. Corp. v. Nelson*, 168 Cal. Rptr. 361, 366 (Cal. Ct. App. 1980) ("It is generally agreed that the right to privacy is one pertaining only to individuals, and that a corporation cannot claim it as such. This is because the tort is of a personal character concerning one's feelings and one's own peace of mind. A corporation is a fictitious person and has no "feelings" which may be injured in the sense of the tort") (internal punctuation and citations omitted). Although the *H & M* decision disagrees with the majority, the Court is not convinced that Maine would adopt its minority view.

Seventh, Maine statutory law does not provide a basis for adopting HWH's position. It is true that the statutes provide a corporation with the right to sue and be sued, and the United States Supreme Court has recognized a corporation's right to pursue some of the same actions that an individual may pursue. *See, e.g.*, *Dun & Bradstreet, Inc. v. Greenmoss Builders, Inc.*, 472 U.S. 749 (1985) (defamation); *Citizens United v. Fed. Election Comm'n*, 558 U.S. 310 (2010) (First Amendment right

to freedom of speech). However, to give a corporation the right to sue does not give a corporation the right to bring all suits. Absent clear legislative directive, this Court will not interpret Maine statutory law in the way proposed by HWH. *See Damon v. S.D. Warren Co.*, 2010 ME 24, ¶ 23, 990 A.2d 1028 (explaining that had the Legislature intended to adopt the position of the losing party, "it would likely have said so much more clearly").

Finally, "similar" does not mean "the same." Even if the torts of defamation and false light invasion of privacy are similar, as recognized by the dissent in *Maietta Construction*, they are not identical. For defamation, there must be "'a false and defamatory statement'" concerning the victim, such that it harms the victim's reputation. *Lester v. Powers*, 596 A.2d 65, 69 (Me. 1991) (quoting RESTATEMENT § 558). In contrast, for false light invasion of privacy, the statement need not be defamatory; instead, it must place the individual in a false light such that it "'would be highly offensive to a reasonable person.'"[2] *Cole*, 2000 ME 104, ¶ 17, 752 A.2d 1189 (quoting RESTATEMENT § 652E); *see also* RESTATEMENT § 652E cmt. b ("Relation to defamation"); *Oberweis*, 2009 U.S. Dist. LEXIS 18514, at *3 ("But the tort of false light invasion of privacy does not protect a party's reputation; it protects an individual's personal privacy interest to be free from false publicity"). In short, just because a corporation has the right to bring a defamation action, it does not follow that it also has the right to bring a false light action.

---

[2]  This formulation hints at the difficulty of giving a corporation the right to bring a claim for what is a personal tort. Would the standard be "highly offensive to a reasonable corporation," "highly offensive to a corporation if the corporation were a reasonable person," or "highly offensive to a reasonable person if the person were a corporation"?

16

## IV. CONCLUSION

The Court GRANTS Defendant's Motion Under Rule 12(b)(6) to Dismiss Plaintiff Hearts With Haiti, Inc.'s False Light Invasion of Privacy Claim for Failure to State a Claim Upon Which Relief Can be Granted (ECF No. 334). The Court DISMISSES Plaintiff Hearts With Haiti, Inc.'s Counts II and V.[3]

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 9th day of June, 2015

---

[3] Count V of the Plaintiffs' Supplemental Complaint is entitled "Continuing Defamation and False Light." *Supplemental Compl.* at 9. This Order only dismisses that part of Count V involving Hearts With Haiti, Inc.'s false light claim. This Order has no effect on Hearts With Haiti, Inc.'s right to proceed with its defamation claim.