UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| HEARTS WITH HAITI, INC. and MICHAEL GEILENFELD, <br><br> Plaintiffs <br><br> v. <br><br> PAUL KENDRICK, <br><br> Defendant | Civil Action No. 2:13-00039-JAW |

## DEFENDANT'S MOTION IN LIMINE TO EXCLUDE REFERENCES OR TESTIMONY CONCERNING ALLEGED GOOD WORKS OF ST. JOSEPH FAMILY

Defendant Paul Kendrick ("Mr. Kendrick") moves for an order of the Court excluding any reference or testimony in the presence of the jury concerning the good works of St. Joseph Family of Haiti and its homes, schools, and dance troupe (collectively hereinafter "St. Joseph Family"), without first obtaining the permission of the Court outside the hearing of the jury. The grounds for this motion are the following.

St. Joseph Family is not a party to this case and neither of the Plaintiffs has legal standing to represent the interests of St. Joseph Family. Recommended Dec. at 8-10, affirmed by Order dated Oct. 22, 2013 (ECF No. 73 and ECF No. 84). The charitable and benevolent actions of St. Joseph Family, or persons associated with it, are thus not relevant under FRE 401 to establishing the truth or falsity of any fact of consequence in determining this action.

Mr. Kendrick recognizes that some testimony as to the position and function of Mr. Geilenfeld with St. Joseph Family is necessary for the jury to make sense of the case, and that some testimony as to the relationship between St. Joseph Family and Hearts With Haiti, Inc. is also necessary for understanding the context of the case. That, however, is qualitatively and

{R1386055.1 36600-066369 }

quantitatively different than efforts blatantly or subtly to portray St. Joseph Family as some sort of tireless, heroic, blessing to orphaned and suffering children in Haiti, and by association, to cast the Plaintiffs in a similar light.

In particular, Hearts With Haiti, Inc. has no standing to sue for false light invasion of privacy. *Oberweis Dairy, Inc. v. Democratic Congressional Campaign Committee, Inc.*, 2009 WL 635457 at *2 (N.D. Ill.); *L. Cohen & Co. v. Dun & Bradstreet*, 629 F. Supp. 1425 (D. Conn. 1986); *Restatement (Second) of Torts* § 652I cmt. c (1977) ("A corporation . . . has no personal right of privacy. It has therefore no cause of action for any of the four forms of invasion covered by §§ 652B to 652E [where § 652E is false light invasion of privacy]"). Thus any attempt by the Plaintiffs to cast Hearts With Haiti, Inc. in the alleged positive glowing light of St. Joseph Family would be both irrelevant and unfairly prejudicial and confusing to the jury. And although Mr. Geilenfeld does have standing to sue for false light invasion of privacy, his efforts to prove what he claims to be his true light must be predicated on evidence of his own personal conduct and good works, if any, and not his loose association with others.

WHEREFORE, the Court should prohibit any references or testimony concerning the alleged good works of St. Joseph Family without first obtaining the permission of the Court outside the hearing of the jury so that the scope and purpose of such testimony can be properly and fairly circumscribed pursuant to FRE 401 & 403.

Dated: June 12, 2015  /s/ F. David Walker, IV
F. David Walker, IV, Esq.
Brent A. Singer, Esq.
RUDMAN WINCHELL
Attorneys for Defendant
84 Harlow Street – P.O. Box 1401
Bangor, ME 04402-1401
207.947.4501
Dwalker@rudmanwinchell.com

## CERTIFICATE OF SERVICE

    I, F. David Walker, IV, hereby certify that on June 12, 2015, I filed the Defendant's Motion in Limine to Exclude References or Testimony Concerning Alleged Good Works of St. Joseph Family with the Clerk of the United States District Court using the CM/ECF system, which will send notification electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

                                            */s/ F. David Walker, IV*
                                            F. David Walker, IV