UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| HEARTS WITH HAITI, INC. et al. | |
| Plaintiffs | |
| v. | CIVIL ACTION: 2:13-cv-00039-JAW |
| PAUL KENDRICK | |
| Defendant | |

**PLAINTIFFS' MOTION IN LIMINE TO EXCLUDE THE TESTIMONY OF
EMILE MILLIEN**

NOW COME Plaintiffs Hearts with Haiti, Inc. and Michael Geilenfeld and move

the Court to enter an order excluding the testimony of Emile Millien. On August 26,

2014, Defendant's counsel agreed that Millien would be made available for a deposition

on September 18, 2014. Plaintiffs properly noticed Millien, paid for his travel expenses,

and provided a witness fee check. Millien, after cashing his witness fee check, failed to

appear for his deposition. All efforts to depose Millien since September 2013 have been

unsuccessful.

**RELEVANT FACTS**

**I.    Unsuccessful attempts to depose Millien.**

On August 2 and 5, 2013, Defendant represented that he could produce Emile

Millien, a man he had sign an affidavit in support of his anti-SLAPP motion, for a

deposition in Portland, Maine, as opposed to Boston, Massachusetts, where Millien lived,

as long as Plaintiffs' provided an appropriate witness fee to compensate for Millien's bus

1

ticket.  *See* Millien Dep. Ex. 2, e-mail correspondence between Plaintiffs' counsel and Defense counsel dated August 2 and 5, 2013, attached hereto as Exhibit 1.  On August 26, 2013, the parties agreed to depose Millien at Norman, Hanson & DeTroy in Portland, Maine September 18, 2013.  *See* Millien Dep. Ex. 3, e-mail correspondence between Plaintiffs' counsel and Defense counsel dated August 26, 2013 attached hereto as Exhibit 2, at 5.  On August 27, 2013, Plaintiffs sent a subpoena out for service and produced the same to Defendant by e-mail.  *See* Millien Dep. Ex. 5, e-mail correspondence from Plaintiffs' counsel to Defense counsel dated August 27, 2013, attached hereto as Exhibit 3.

On September 4, 2013, Millien was served in hand with Plaintiffs' subpoena to testify and produce documents together with a check for $188.60, appropriately compensating him for his bus ticket.  *See* Millien Dep. Ex. 1, Subpoena to Testify and Produce Documents and Proof of Service dated September 4, 2013 attached hereto as Exhibit 4.  Millien cashed the $188.60 witness fee check a few days later, on September 9, 2013.  *See* Millien Dep. Ex. 1A, Norman, Hanson & DeTroy, LLC bank record, attached hereto as Exhibit 5.  Plaintiffs also hired and paid a court reporter, videographer, and Haitian Creole and English translator to appear for and participate in Millien's deposition.

On September 13, 2013, five days before the deposition, Defense counsel told Plaintiffs that Millien would not appear for his deposition and that no one from their office could appear—not one of the three attorneys of record or any other attorney.  *See* e-mail correspondence between Plaintiffs' counsel and Defense counsel dated September 13 through 15, 2013 attached hereto as Exhibit 6.  Plaintiffs' offered to video

2

teleconference Defense counsel and Defendant into the deposition but defense counsel maintained that no one from their office was available in person or remotely. *Id.* at 2.

Having experienced Defendant's interference with their attempts to contact Millien before (as described below), Plaintiffs were unwilling to reschedule Millien's deposition absent unforeseen circumstances. Plaintiffs told Defendant that the deposition would go forward as planned and again offered to connect Defense counsel and Defendant remotely. *Id.* Plaintiffs held the deposition as noticed on September 18, 2013, and Millien failed to appear. Millien has also not responded to Plaintiffs' document subpoena and all efforts to depose him since have been unsuccessful.

In December 2013, Millien was arrested by the United States and, as Defendant described it, "[fell] into a black hole of the U.S. Justice system." *See* Jean Sacra Dep. Ex. 12, Defendant's website post, attached hereto as Exhibit 7. Millien's whereabouts have been unknown since. Plaintiffs' counsel thought they observed Millien in the public gallery at Defendant's sanctions hearing and, therefore, presumed he had been released from prison. Plaintiffs followed up with Defense counsel multiple times requesting their consent to attempt to depose Millien again. *See* e-mail and letter correspondence from Plaintiffs' counsel to Defense counsel dated February 26, March 11, and March 20, 2015 attached hereto as Exhibit 8. Defendant never responded. All attempts to depose Millien since September 2013 have been unsuccessful.

## II.    Defendant has previously interfered with Plaintiffs' efforts to contact Millien.

Defendant has previously interfered with Plaintiffs' efforts to contact Millien. In early January 2012, after Hearts with Haiti commissioned a former FBI agent and private investigator, Edward Clark, to investigate Defendant's allegations, Clark attempted to

contact Millien.  After leaving a voice mail message for Millien, Defendant called Clark demanding that he "stay away and don't call Emile Millien again" and declared: "we'll be watching you" and abruptly hung up.  *See* Clark's Record of Telephone Contacts by Paul Kendrick attached hereto as Exhibit 9.  Defendant called back a few minutes later to threaten Clark calling him a "low class idiot" and promising him that he would "chase [him] to the ends of the earth." *Id.*  Defendant then e-mailed Clark reiterating: "Boston Private Eye warned to stay away from Haitian abuse victims."  *See* E-mail correspondence from Defendant to Clark dated January 6, 2012, attached hereto as Exhibit 10.  Millien did not return Clark's voice mail message.

After Plaintiffs filed suit against Defendant in February 2013, and Defendant learned that Plaintiffs' counsel had attempted to contact individuals identified in his discovery production, Defendant directed his "motivator" (Defendant's term) Sean Rubens Jean Sacra, a.k.a. Serge Louima, to tell Millien and others "URGENT—NO ONE SHOULD SPEAK TO GEILENFELD'S ATTORNEY."  *See* e-mail correspondence from Defendant to Jean Sacra and Cyrus Sibert dated September 23, 2013 attached hereto as Exhibit 11.  Plaintiffs' counsel has not been able to contact Millien since Defendant's directive to his "motivator" in September 2013.

## ARGUMENT

In addition to the power of subpoena, a witness can be motivated to attend a deposition by the threat of sanctions under Fed. R. Civ. P. 37(d)(1)(A)(i).  If a witness unjustifiably fails to appear for a scheduled deposition after receiving proper notice, the available sanctions for nonappearance are any of those listed under Fed. R. Civ. P. 37(b)(2)(A), including the exclusion of the nonappearing witness's testimony.  *Baker v.*

*St. Paul Travelers Ins. Co.*, 670 F.3d 119, 124 (1st Cir. 2012); *see Positive Black Talk, Inc. v. Cash Money Records*, 394 F.3d 357, 378 (5th Cir. 2005) (barring a witness who refused to appear for his deposition from testifying) (abrogated for other reasons). Sanctions for a nonappearance may be imposed even in the absence of a prior court order. *Henry v. Gill Industries, Inc.,* 983 F.2d 943, 947 (9th Cir.1993).

Sanctions imposed pursuant to Rule 37(d)(1)(A)(i) do not require, as a prerequisite, that the nonappearing party be subpoenaed; only "properly noticed." *Reese v. Va. Int'l. Terminals, Inc.*, 286 F.R.D. 282, 287 (E.D. Va. 2012).  That distinction makes the Court's power to sanction a party's nonappearance especially important when, as here, a deponent cannot be compelled to appear for a deposition by subpoena and the Court's power to sanction a litigant remains the only mechanism through which the discovery process can proceed fairly.

Here, as referenced above, Defendant has interfered with Plaintiffs' attempts at a fair investigation of his allegations and, after they filed suit against him, directed his witnesses to refuse to speak with Plaintiffs' counsel's  and otherwise ignore their attempts to contact them.  Millien was properly served, never objected, and demonstrated his consent by cashing Plaintiffs' $188.60 witness fee check.  Nevertheless, he refused to show up for his deposition or comply with Plaintiffs' document subpoena.  He was incarcerated through the remainder of discovery and his whereabouts have been unknown.  When Plaintiffs' counsel thought they observed him in the public gallery at the sanctions hearing before the Court (and, thus, assumed he had been released from jail), they requested Defendant's consent multiple times to attempt to depose him again.  Their requests were never responded to.  Defendant now proposes to have Millien travel

5

to Portland, Maine for trial. Fundamental fairness requires that Defendant not be permitted to offer testimony to the jury from a man who cashed his witness fee check yet refused to be part of the discovery process.

## CONCLUSION

For these reasons, the Plaintiffs request that the Court enter an order excluding the testimony of Emile Millien.


DATED:  June 12, 2015                          /s/ Devin W. Deane
                                               Peter J. DeTroy, Esq.
                                               Russell B. Pierce, Esq.
                                               Devin W. Deane, Esq.
                                               Attorney for Plaintiffs

NORMAN, HANSON & DeTROY, LLC
Two Canal Plaza
P.O. Box 4600
Portland, Maine 04112-4600
(207) 774-7000
*ddeane@nhdlaw.com*


## CERTIFICATE OF SERVICE

I hereby certify that on June 12, 2015, I filed the PLAINTIFFS' MOTION IN LIMINE TO EXCLUDE THE TESTIMONY OF EMILE MILLIEN with the Clerk of Court using the CM/ECF system which will send notification of such filing(s) to all registered counsel of records as follows:

David C. King, Esq.,
F. David Walker, Esq., and
Brent Singer, Esq.
Rudman & Winchell
84 Harlow Street
P.O. Box 1401
Bangor, ME 04401
*dking@rudmanwinchell.com*
*dwalker@rudmanwinchell.com*
*bsinger@rudmanwinchell.com*