UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| HEARTS WITH HAITI, INC., et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) 2:13-cv-00039-JAW ) |
| PAUL KENDRICK, | ) ) ) |
| Defendant. | ) |

**ORDER ON PLAINTIFFS' MOTION IN LIMINE TO EXCLUDE TESTIMONY OR REFERENCE TO ALLEGATIONS BY JEAN RONY ST. VICTOR**

With trial looming in this defamation action, the Plaintiffs have moved in limine to exclude the testimony or any reference to an adult male who claims that Michael Geilenfeld made sexual advances towards him over a decade ago. The Court denies the Plaintiffs' motion because such evidence is relevant to the Defendant's theory of the case.

### I. BACKGROUND

Over the last several years, Paul Kendrick has made numerous accusations against Michael Geilenfeld to various third parties, claiming that Mr. Geilenfeld is a child molester and that he has been sexually abusing children during his time as Executive Director of St. Joseph Family of Haiti. *See Order Denying Def.'s Mot. for Partial Summ. J.* at 4-42 (ECF No. 237) (*Order*) (recounting numerous examples of Mr. Kendrick's communications). According to the Plaintiffs' Complaint, St. Joseph Family of Haiti "operates a network of nonprofit institutions that provide residence,

room and board, formal education, and religious education to disabled and disadvantaged Haitian children." *Verified Compl. and Demand for Jury Trial* ¶ 7 (ECF No. 1) (*Compl.*).

The corporate Plaintiff in this case, Hearts With Haiti, Inc. (HWH), is a substantial financial contributor to St. Joseph Homes, and solicits and accepts donations throughout the United States. *Order* at 4. Mr. Kendrick has accused HWH of funding Mr. Geilenfeld's alleged sexual abuse, and of essentially turning a blind eye while it knew that Mr. Geilenfeld was sexually abusing children. *See id.* at 4-42. Mr. Geilenfeld and HWH are suing Mr. Kendrick for, among other claims, defamation. *Compl.* ¶¶ 89-96.

## II.   THE PARTIES' POSITIONS

### A.   Plaintiffs' Motion

Plaintiffs argue that Jean Rony St. Victor's testimony is "irrelevant and inadmissible" under Federal Rule of Evidence 402 and, even if relevant, should be excluded under Federal Rule of Evidence 403. *Pls.' Mot. in Limine to Exclude Test. or Reference to Allegations by Jean Rony St. Victor* at 1 (ECF No. 370). In Plaintiffs' view, testimony regarding Mr. Geilenfeld's "alleged sexual relationships with other adults have nothing to do with child abuse and do not make any fact of consequence— whether Defendant's allegations are true—any more or less probable and therefore, is irrelevant." *Id.* According to Plaintiffs, Mr. Rony St. Victor testified during his deposition that Mr. Geilenfeld "tried to kiss him and touch his private parts" when Mr. Rony St. Victor was 24 years old and working as a cook at St. Joseph's Family in

Haiti. *Id.* at 1-2. Plaintiffs say Mr. Rony St. Victor is now 36 years old. *Id.* at 1. Finally, Plaintiffs argue that Mr. Rony St. Victor is not credible, and even if his allegations were true, "they would not make it more or less likely that Defendant could prove his allegations of child abuse at St. Joseph's." *Id.* at 2.

### B.     Defendant's Opposition

In response, Mr. Kendrick counters that the "anticipated testimony of Mr. Rony St. Victor is relevant for many reasons." *Def.'s Objection and Opp'n Mem. to Pls.' Mot. in Limine to Exclude Test. or Reference to Allegations by Jean Rony St. Victor* at 1 (ECF No. 393) (*Def.'s Opp'n*). First, Mr. Kendrick argues that Mr. Rony St. Victor's testimony would allow the jury "to infer that a man who makes aggressive, unwanted sexual advances toward a very young man in his early 20's, who is still vulnerable and depend[e]nt on Mr. Geilenfeld's good graces, is more likely, also, to make sexual advances toward vulnerable, younger men and boys, as well." *Id.* Mr. Kendrick notes that he believes Mr. Rony St. Victor would testify that the sexual advances he alleges were far from consensual. *Id.* at 1-2.

Second, Mr. Kendrick's counsel believes that some of Mr. Kendrick's allegations toward Mr. Geilenfeld have been that he is a "sexual predator" generally, "without finer distinction as to the ages of his victims or anatomy." *Id.* at 2.

Third, Mr. Kendrick argues that if Mr. Geilenfeld was already known for sexually abusing other males—both children and adults—"then that is directly relevant to whether Mr. Geilenfeld was put in a false light or defamed, or if so, to what extent for purposes of damages." *Id.*

Finally, Mr. Kendrick argues that he has the right to present Mr. Rony St. Victor's testimony "to establish Mr. Kendrick's state of mind, namely, his lack of culpability in concluding that (together with what other victims and other sources already told him) Mr. Geilenfeld is a sexual predator of vulnerable young men and HWH turned a blind eye at best." *Id.*

### III. DISCUSSION

The Court denies Plaintiffs' motion for several reasons.

First, while Plaintiffs may believe that Mr. Rony St. Victor is not credible and is a liar, the jury must make that determination during trial.

Second, Mr. Rony St. Victor's proposed testimony is relevant because "it has any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action." FED. R. EVID. 401. The Plaintiffs argue that all of Mr. Kendrick's allegations are untrue, which is a necessary element of any defamation action. *Lester v. Powers*, 596 A.2d 65, 69 (Me. 1991) ("The statement must be false"). Here, Mr. Rony St. Victor's testimony would tend to make it more probable that at least some of Mr. Kendrick's allegations are true, and if the jury finds that some of Mr. Kendrick's allegations of sexual misconduct are true, this would blunt the Plaintiffs' overall contention that Mr. Kendrick has defamed them by spreading false accusations. In addition, the truth of these allegations would support Mr. Kendrick's defense that he had a legitimate basis for the accusations.

4

Third, while Plaintiffs argue that Mr. Geilenfeld's past sexual relationships with other adults is irrelevant, Mr. Kendrick says that Mr. Rony St. Victor's testimony will establish that the alleged sexual advance made by Mr. Geilenfeld was not consensual. Furthermore, while it is true that this incident allegedly occurred when Mr. Rony St. Victor was 24 years old and not a child, Plaintiffs look at the issue too narrowly. Mr. Rony St. Victor was a cook at St. Joseph Family of Haiti—where Mr. Geilenfeld served as Executive Director. His testimony would go to Mr. Kendrick's theory of the case that Mr. Geilenfeld used his position of power to take advantage of those in inferior positions, including employed younger males and vulnerable children.

Fourth, if the jury accepts Mr. Rony St. Victor's testimony, the fact that Mr. Geilenfeld had this incident with a young man could affect its view of his reputational damages. *Hall v. Edwards*, 138 Me. 231, 233, 23 A.2d 889, 890 (1942) ("[T]he defendant was a man of standing in the community . . . . This was a circumstance which the jury were justified in taking into consideration in making their award").

Fifth, there are some obvious limitations as to how the jury may consider Mr. Rony St. Victor's testimony. For example, his testimony may not be used by the jury "to prove that on a particular occasion [Mr. Geilenfeld] acted in accordance with [a] character or trait." FED. R. EVID. 404(a)(1). The Court is open to giving a limiting instruction to the jury at the time of Mr. Rony St. Victor's testimony, but if the Plaintiffs desire such an instruction, they must propose one.

Finally, while Mr. Rony St. Victor's testimony may be prejudicial to the Plaintiffs, it is not unfairly prejudicial. FED. R. EVID. 403.

## IV. CONCLUSION

The Court DENIES Plaintiffs' Motion in Limine to Exclude Testimony or Reference to Allegations by Jean Rony St. Victor (ECF No. 370).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 25th day of June, 2015