UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| HEARTS WITH HAITI, INC., et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) 2:13-cv-00039-JAW ) |
| PAUL KENDRICK, | ) ) ) |
| Defendant. | ) |

**ORDER ON DEFENDANT'S MOTION IN LIMINE TO EXCLUDE TESTIMONY CONCERNING FAILURE TO OBSERVE SEXUAL MOLESTATION**

With trial scheduled to begin in less than two weeks in this defamation action, the Defendant asks the Court to make a blanket ruling that no witnesses may testify that they never witnessed Michael Geilenfeld sexually abuse children or act inappropriately around them, unless the Court approves of such testimony outside the presence of the jury. The Court denies the motion.

**I.   BACKGROUND**

Over the last several years, Paul Kendrick has accused Michael Geilenfeld of sexually molesting children under his control in Haiti, and Mr. Kendrick has voiced his accusations to numerous third parties. *See Order Denying Def.'s Mot. for Partial Summ. J.* at 4-42 (ECF No. 237) (recounting numerous examples of Mr. Kendrick's communications). Mr. Geilenfeld denies the allegations, and as the Court recounted in another Order, "[t]he positions of the parties could not be more antithetical." *Order on Consolidated Mot. for Sanctions* at 20 (ECF No. 293). Whereas Mr. Geilenfeld

views "himself as a good man . . . who has dedicated his life to helping some of the poorest and most disadvantaged children in the world," Mr. Kendrick views Mr. Geilenfeld "as evil incarnate, a man who under a beneficent guise is a pedophile and who has created a charitable fiction to lure vulnerable and innocent boys to a place where he can control them in order to sexually assault and rape them with impunity." *Id.*

## II. THE PARTIES' POSITIONS

### A.  Defendant's Motion

On June 12, 2015, Mr. Kendrick moved in limine to exclude "testimony in the presence of the jury from any witness to the effect that the witness 'Never observed Mr. Geilenfeld sexually molest a child' or engage in any other inappropriate way toward a child, without first obtaining the permission of the Court outside the hearing of the jury." *Def.'s Mot. in Limine to Exclude Test. Concerning Failure to Observe Sexual Molestation* at 1 (ECF No. 356).  Mr. Kendrick says that while he anticipates seven men will "recount how Mr. Geilenfeld sexually molested them while they were children living in Haiti under his control," the alleged acts were done in private and therefore, "99% of the time Mr. Geilenfeld did not engage in inappropriate conduct toward children." *Id.*  Thus, in his view, witnesses who testify that they never saw Mr. Geilenfeld sexually abuse or act inappropriately with children is irrelevant under Rule 401 or should be excluded under Rule 403. *Id.* at 1-2.

### B.  Plaintiffs' Opposition

2

On June 24, 2015, the Plaintiffs responded in opposition. *Pls.' Resp. in Opp'n to Def.'s Mot. in Limine to Exclude Test. Concerning Failure to Observe Sexual Molestation* (ECF No. 399). First, they argue that Mr. Kendrick's motion is vague both as to the witnesses and as to the specific line of questioning he intends to exclude. *Id.* at 1.

Second, they contend that an evidentiary dispute of this nature should be ruled on during trial, not now. *Id.* at 1-2.

Third, Plaintiffs argue that "[t]o require the jury to leave the courtroom as an *in limine* proposition, every time a witness introduces foundational facts in testimony, would result in extraordinary delay and interruption of these proceedings." *Id.* at 2. In other words, Plaintiffs interpret Mr. Kendrick's request to require that "once foundation is laid outside the earshot of the jury, the jury returns to the courtroom and the witness repeats the same foundational testimony," which may go to other aspects of the trial. *Id.* Plaintiffs view Mr. Kendrick's proposal as a delay tactic. *Id.* at 2-3.

Fourth, Plaintiffs assert that jurors generally understand "that no one is present to observe another person 100% of the other person's life – no such witness exists on the face of the planet. Taking the logical extension of Defendant's motion, no person could ever testify about their own observations of another person's behavior." *Id.* at 3.

Fifth, Plaintiffs say observations related to Mr. "Geilenfeld's conduct, behavior, demeanor, and reputation – observations by witnesses with personal knowledge – are relevant in this action, and that relevance is the heart of the case." *Id.*

## III. DISCUSSION

The Court denies Mr. Kendrick's motion for several reasons.

The Court disagrees with Mr. Kendrick's premise: that personal observations about Mr. Geilenfeld's interactions with children would be inadmissible. To take the obverse example, if Mr. Kendrick wished to present evidence that Mr. Geilenfeld acted inappropriately around children, that evidence would likely be admissible. For example, if Mr. Kendrick presented a witness to testify that by her observations, Mr. Geilenfeld routinely spoke in sexual terms about and in front of children, that he touched them inappropriately, and that he played favorites among the orphans with whom he appeared to have an unusually close relationship, this evidence would likely be admitted. Here, Mr. Geilenfeld proposes to present contrary evidence that persons who knew him well witnessed none of these things. If Mr. Kendrick is allowed to present the testimony of seven witnesses who say they were sexually abused by Mr. Geilenfeld, then the Plaintiffs have a corresponding right to counter this evidence by presenting the testimony of those who have observed Mr. Geilenfeld's demeanor and dealings with children at St. Joseph Family and did not see signs of such abuse. This evidence meets the standards under Rule 401 and Rule 403 for admission. FED. R. EVID. 401, 403.

Of course, Mr. Kendrick will have the opportunity to object to such evidence on a variety of grounds, including that a proper foundation for the witness's personal observations has not been established and that the evidence is speculative, cumulative, or a waste of time.  In addition, Mr. Kendrick will have the right to cross-examine the witness, if he wishes, to demonstrate that the witness was not present with Mr. Geilenfeld every moment of every day and that the witness could not know what Mr. Geilenfeld was doing when the witness was not there.

## IV.  CONCLUSION

The Court DENIES Defendant's Motion in Limine to Exclude Testimony Concerning Failure to Observe Sexual Molestation (ECF No. 356).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 26th day of June, 2015