UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| HEARTS WITH HAITI, INC. and<br>MICHAEL GEILENFELD,<br><br>      Plaintiffs,<br><br>  v.<br><br>PAUL KENDRICK,<br><br>      Defendant. | )<br>)<br>)<br>)<br>)<br>)   2:13-cv-00039-JAW<br>)<br>)<br>)<br>) |

**ORDER ON DEFENDANT'S OBJECTIONS
TO PRELIMINARY INSTRUCTIONS**

In anticipation of the July 6, 2015 start of trial, the Court prepared a set a preliminary instructions and forwarded them to counsel for review. On June 26, 2015, the Defendant filed certain objections to the preliminary instructions. *Def.'s Comments and Objections to Draft Prelim. Jury Instructions* (ECF No. 409).

    1)    <u>Attorney Representation</u>

In accordance with the responses of counsel, the Court amended "The Parties" section as follows:

**THE PARTIES**

As you know, the Plaintiffs in this case are Hearts With Haiti, Inc. (Hearts With Haiti) and Michael Geilenfeld. They are represented in this trial by their attorneys, Peter DeTroy, Devin Deane, and Sadie Jones. The Defendant in this case is Paul Kendrick. Mr. Kendrick is represented in this trial by his attorneys, David King and David Walker.

The Court understands from the Plaintiffs that Attorney Jones will assist Messrs. DeTroy and Deane in electronically presenting evidence and other similar

matters and will not otherwise actively participate as counsel in the trial. The Court included her name as a courtesy because she is an attorney, because the jury may wonder who she is, and because she has earned her brief moment in the sun.

    2)    <u>Burden of Proof As To Each Plaintiff</u>

The Defendant has made the point that each Plaintiff bears his or its own burden of proof and has suggested language to clarify this point. The Court agrees that the Defendant's proposed language is an improvement and has inserted it in place of the earlier draft instruction:

> To put it differently, if you were to put each Plaintiff's and the Defendant's evidence on opposite sides of a scale, each Plaintiff would have to make the scale tip somewhat towards the Plaintiff's side. If the Plaintiff fails to meet this burden, the verdict must be for the Defendant as against that Plaintiff. On certain issues, it may be that one or both of the Plaintiffs' burden of proof is higher than a preponderance of the evidence.

    3)    <u>Burden of Proof: Defamation and Harm to Reputation: Hearts With Haiti</u>

The Defendant has also observed that the correct burden of proof on the defamation count is contested and he contends that his communications were made on matters of public concern and the Plaintiffs are subject to the higher standard of clear and convincing evidence. In addition, the Defendant has suggested that Hearts With Haiti is not entitled to damages to its reputation on the defamation claim. As such, he has suggested that the Court eliminate reference to the standard of proof and damage to reputation in its description of the defamation portion of the preliminary instructions. The Court agrees that it is better to avoid these issues until

final instructions and has inserted the Defendant's suggested language in the preliminary instructions:

> Hearts With Haiti and Michael Geilenfeld accuse Paul Kendrick of committing defamation against each of them in violation of Maine law. Specifically, Hearts With Haiti and Mr. Geilenfeld claim that Mr. Kendrick defamed each of them beginning in 2011. For either of these Plaintiffs to succeed on his or its claims of defamation against Mr. Kendrick, that Plaintiff must prove that (1) Mr. Kendrick made one of more false statements concerning that Plaintiff; (2) the statement was published to a third person; (3) Mr. Kendrick was at least negligent in making the statement based on the information available to him at the time the statement was made; and (4) publication of the false statement caused harm to that Plaintiff.

4)  <u>Burden of Proof: False Light Count</u>

The Defendant makes a similar point regarding the "preponderance of the evidence" language in the false light instruction. For the same reason, the Court agrees to eliminate specific reference to the preponderance standard in the false light preliminary instruction.

SO ORDERED.

<u>/s/ John A. Woodcock, Jr.</u>  
JOHN A. WOODCOCK, JR.  
UNITED STATES DISTRICT JUDGE

Dated this 29th day of June, 2015