UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| HEARTS WITH HAITI, INC. and MICHAEL GEILENFELD, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | 2:13-cv-00039-JAW |
| PAUL KENDRICK, | ) ) ) | |
| Defendant. | ) | |

**ORDER ON MOTION TO SUPPLEMENT ORDER OF ECF NO. 244**

In this highly contentious case, the parties disagree on the effect of prior Court Orders regarding certain emails the Defendant authored and blind copied to numerous individuals concerning the events in this case. In this Order, the Court distinguishes between the admissibility of those emails and instructions to the jury concerning the blind copying of admitted emails.

**I.    BACKGROUND**

**A.    Blind Copied Emails and Orders**

Underlying the Plaintiffs' motion is one of the many messy and contentious discovery disputes that have been the hallmark of this case. During discovery, the Defendant produced to the Plaintiffs numerous emails that he blind copied to numerous recipients. As of August 8, 2014, for example, 210 emails were involved. *Report of Hr'g and Order Re: Disc. Dispute* at 1-2 (ECF No. 228) (*Aug. Order*). Once the Defendant produced these emails, the Plaintiffs sought the identities of the individuals the Defendant had blind copied and on May 5, 2014, the Magistrate Judge

held a telephone conference regarding this and other disputes. *Report of Hr'g and Order Re: Disc. Dispute* (ECF No. 194). At that conference, the Magistrate Judge issued the following Order:

> **Issue 1** involved the plaintiffs' request for production of the identities of each of the recipients of blind copies of the emails produced by the defendant. Treating the plaintiffs' current request as a motion to compel production, I ***GRANTED*** the motion with modifications. The plaintiffs are ordered to produce a list of the specific emails produced by the defendant in response to their Requests for Production of Documents Nos. 2, 3, 6, 8, 9, 13, and 15 for which they seek this information, and the defendant is ***ORDERED*** to produce that information promptly upon receipt of the list. The list may be supplemented with prior leave of court.

*Id.* at 2.

On August 7, 2014, the issue came back before the Magistrate Judge. The Plaintiffs complained that they had not received information from the Defendant about the identities of the blind-copied recipients of the Defendant's 210 emails. *Aug. Order* at 1-2. The Defendant through his counsel "protested that the list imposed an undue burden on his client and asked the court to limit the plaintiffs' list of emails to 10 to 30 items." *Id.* at 2. The Magistrate Judge issued the following Order:

> After discussion, and treating the matter as a motion by the plaintiffs to compel production, I ***GRANTED*** the motion and ***ORDERED*** the defendant to provide lists of all blind-copied addresses to which each of the 210 emails identified by plaintiffs' counsel within 10 days of the date of this conference, failing which the court will consider issuing an order adopting, in whole or in part, the stipulation proposed by the plaintiffs to be presented as established at trial.

*Id.*

The same dispute returned to the Court on September 5, 2014, when the Magistrate Judge held another hearing to address discovery disputes. *Report of Hr'g*

*and Order Re: Disc. Disputes and Pending Mots.* (ECF No. 244). The Magistrate Judge issued the following Order:

> After additional discussion, focused on draft "stipulations" submitted by the parties, I **_GRANTED IN PART_** the motion to enforce. Because what the plaintiffs seek is essentially a sanction for violation of my August 8, 2014, order (ECF No. 228) concerning blind copied emails sent by the defendant, which violation I now **_FIND_** to have occurred, I declined to approve or impose a "stipulation" of the parties, a term that implies voluntariness. Instead, I **_ORDERED_** that the defendant is precluded from contesting at trial the plaintiffs' contention that every email on the spreadsheet attached to the Defendant's Proposed Stipulation Regarding Bcc Emails, dated September 5, 2014, was blind copied to more than 500 individual and institutional benefactors of Hearts With Haiti, Inc., Michael Geilenfeld, and/or St. Joseph's Family of Haiti. Any emails not on the spreadsheet may be used in any appropriate manner by any party.

*Id.* at 3.

### B.  The Plaintiffs' Motion

On June 12, 2015, the Plaintiffs moved to supplement the September 5, 2014 Order to include emails after September 5, 2014. *Pls.' Mot. to Supplement Order of ECF No. 244* (ECF No. 366). The Plaintiffs say that at the Final Pretrial Conference, the Court "directed Plaintiffs to address the issue of supplementation of the order with additional emails sent after the terms of the order were drawn up—i.e., after Geilenfeld's arrest in early September of 2014 and after his ultimate acquittal and exoneration of April 29, 2015." *Id.* at 1. They complain that Mr. Kendrick "continued to use his 'Ignatius Group' email address which hides or 'blind copies' all the individuals receiving those emails, and which was the subject of the above-referenced court order." *Id.* They represent that Mr. Kendrick has "not produced as supplemental discovery the identity of the hundreds of individuals copied on his

nearly daily 'Ignatius Group' defamatory communications following the arrest of Geilenfeld in Haiti in September of 2014, and therefore waived objection to the necessary inclusion of these newer emails in the scope of this court order." *Id.* at 1-2.

For relief, they ask that the Court allow the reading to the jury an instruction during their case-in-chief confirming that every email in the spreadsheet "was blind copied to more than 500 individual and institutional benefactors of Hearts With Haiti, Inc., Michael Geilenfeld, and/or St. Josephs Family of Haiti." *Id.* at 2.

### C. The Defendant's Response

On June 24, 2015, the Defendant responded. *Def.'s Objection and Opp'n Mem. to Pls.' Mot. to Supplement Order of ECF No. 244* (ECF No. 388). First, the Defendant objects to the inclusion of emails dated before September 5, 2014 not included on the spreadsheet referenced in the Court's September 5, 2014 Order. *Id.* at 1. Second, the Defendant noted that he "does not agree that by being on the list, the email is admissible as an exhibit at trial. Each document must stand or fall on its own at trial as to whether it is admissible and for the jury to see." *Id.* In particular, the Defendant "does not agree that the new spreadsheet is something that may be admitted as an exhibit or given to the jury." *Id.* Only once the emails are admitted would it, in the Defendant's view, be proper to instruct the jury as to the blind copying of the emails. *Id.* at 1-2.

4

## II.     DISCUSSION

First, to the extent the Plaintiffs are relying on something said during the Final Pretrial Conference in this case, the Court has not considered it. The Court issued a Final Pretrial Conference Order in this case and the Order does not mention this dispute. *Final Pretrial Order* at 1-8 (ECF No. 342). If something was said at the Final Pretrial Conference about this issue, the Plaintiffs have not presented the Court with a transcript of that conference and the Court will not rely on its memory of what did or did not occur at the conference in issuing this Order.

Second, the parties' arguments pass like ships in the night. The Plaintiffs wish to make certain that the jury is informed that when Mr. Kendrick wrote the Ignatius Group emails, he blind copied more than 500 individual and institutional benefactors. The Defendant wants to be certain that the Plaintiffs must establish the admissibility of each email in order for it to be received into evidence. The answer seems quite obvious. The fact that an email is listed on the Plaintiffs' spreadsheet of Ignatius Group emails, attached to their motion as Exhibit 1, does not assure admissibility. The normal rules of evidence for the admission of each of these emails must apply and the Plaintiffs will have the burden to establish the admissibility of any document they move into evidence. However, once an email is admitted into evidence, if it is an email listed in the spreadsheet referred to in the September 5, 2014 Order or if it is an email that contains the characteristics of blind copied emails, the Court will instruct the jury in the fashion recommended by the Plaintiffs and consistent with the Magistrate Judge's September 5, 2014 Order.

## III.   CONCLUSION

The Court DENIES in part and GRANTS in part Plaintiffs' Motion to Supplement Order of ECF No. 244 (ECF No. 366).  To the extent the Plaintiffs are moving for admission into evidence the emails attached to their motion, the Court DENIES their motion.  To the extent the Plaintiffs are seeking an instruction for emails attached to their motion, which are admitted into evidence at trial, that the Defendant blind copied those emails to at least 500 individual and institutional benefactors of Hearts With Haiti, Inc., Michael Geilenfeld, and/or St. Josephs Family of Haiti, the Court GRANTS the motion, assuming that the Plaintiffs have established that the admitted emails bear the same characteristics as the emails listed in the spreadsheet referred to in the September 5, 2014 Order.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 29th day of June, 2015