UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| HEARTS WITH HAITI, INC. and<br>MICHAEL GEILENFELD,<br><br>        Plaintiffs,<br><br>        v.<br><br>PAUL KENDRICK,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)   2:13-cv-00039-JAW<br>)<br>)<br>)<br>)<br>) |

**ORDER DENYING PLAINTIFFS' MOTION TO COMPEL
IDENTIFICATION OF ALL OF DEFENDANT KENDRICK'S E-MAIL
RECIPIENTS, INCLUDING "IGNATIUS GROUP" RECIPIENTS**

On June 30, 2015, less than a week before trial, the Plaintiffs filed a motion to compel Paul Kendrick to identify all recipients of his Ignatius Group, aol.com, and gmail.com emails. *Pls.' Mot. to Compel I[]dentification of All of Def. Kendrick's E-mail Recipients, Including "Ignatius Grp." Recipients* (ECF No. 418) (*Pls.' Mot.*).

On June 29, 2015, the Court issued an order describing the genesis and history of a long-standing dispute between the Plaintiffs and the Defendant in this case over the identities of the email recipients of the Defendant's "email blasts" about this case. *Order on Mot. to Supplement Order of ECF No. 244* (ECF No. 414). As that Order describes, the impasse was resolved on September 5, 2014 when the Magistrate Judge imposed a sanction on the Defendant by ordering that "the defendant is precluded from contesting at trial the plaintiffs' contention that every email on the spreadsheet . . . was blind copied to more than 500 individual and institutional benefactors of Hearts With Haiti, Inc., Michael Geilenfeld, and/or St. Joseph's Family of Haiti. Any

emails not on the spreadsheet may be used in any appropriate manner by any party." *Id.* at 3. On June 29, 2015, the Court clarified the scope of the sanction. *Id.* at 6.

The Plaintiffs return to the Court observing that "what remains unknown to Plaintiffs and this Court is the exact identity of each of those many recipients, including any that are local to this jurisdiction." *Pls.' Mot.* at 2. They say that "[t]he disclosure of this information is critical if the integrity of the forthcoming trial is to be safeguarded." *Id.* They also explain that over the last two weeks, "Defendant Kendrick has issued a series of e-mails critically commenting on recent court filings and rulings, and taunting and vilifying Plaintiffs' counsel." *Id.* The Plaintiffs worry that the "potential jury pool" has been tainted and that the "true scope of Defendant Kendrick's proliferation of defamatory publications remains hidden." *Id.*

From the Court's perspective, the Plaintiffs' motion is a discovery dispute and should have been and was resolved during the discovery period when the Magistrate Judge ruled on the essence of the Plaintiffs' current motion on September 5, 2014 by imposing the sanction. If the Plaintiffs were dissatisfied with that sanction, they should have moved on a timelier basis during the discovery period to express that dissatisfaction and to seek an order forcing Mr. Kendrick to reveal the names of the recipients. Discovery closed in this case on February 28, 2014, *Report of Hr'g and Order Re: Disc. and Scheduling* (ECF No. 95), and the Plaintiffs have not been shy about bringing other discovery issues to the Court's attention both during and even after the discovery period. Yet the Plaintiffs have made no effort to bring their

disagreement with the September 5, 2014 sanctions order to the Court's attention until about one week before trial.

This is true despite the fact that from September 5, 2014 until June 30, 2015, the Plaintiffs have filed or responded to countless other motions and have been involved in numerous other disputes with the Defendant, some of which touched on his email blasts. Following the end of discovery, the Defendant filed a motion for summary judgment, which was fully briefed, and resulted in an order dated August 28, 2014. *Order Denying Def.'s Mot. for Partial Summ. J.* (ECF No. 237). On September 12, 2014, the case was set for trial to begin on October 7, 2014. *Minute Entry* (ECF No. 242). Unfortunately, the trial was continued due to Mr. Geilenfeld's arrest and incarceration in Haiti. *Oral Order Granting Mot. to Continue* (ECF No. 261). The Plaintiffs filed a series of motions for sanctions, some of which involved the email blasts; the Court held a testimonial hearing on the sanctions motions and on February 20, 2015, the Court issued a sanctions order in which it discussed the email blasts. *Order on Consolidated Mot. for Sanctions* (ECF No. 293). During this time, the Plaintiffs never raised their problems with the September 5, 2014 sanctions order.

On May 22, 2015, the Plaintiffs filed a pretrial conference memorandum, *Pls.' (Second) Final Pretrial Mem.* (ECF No. 336), and the Court held a pretrial conference on May 27, 2015, issued a Final Pretrial Order on May 29, 2015 and, although the Court addressed one final discovery issue, the Plaintiffs failed to mention the recipients' list. *Final Pretrial Order* at 4 (ECF No. 342). They also filed a motion in limine on June 12, 2015 that addressed the September 5, 2014 sanctions order, but

3

they did not then ask the Court to revisit whether the Defendant should be compelled to disclose the recipients. *Pls.' Mot. to Supplement Order of ECF No. 244* (ECF No. 366).

The fact that Mr. Kendrick has apparently continued to email comments about the upcoming trial, including about Plaintiffs' counsel, is regrettable but not new, and the potential of tainting the jury pool with these emails may be addressed, if necessary, during jury voir dire. But none of these developments justifies at this late date re-opening discovery, re-hashing ruled-upon arguments, and altering an earlier sanctions order of the Court at a time when the parties are deep in trial preparation and the Court is busy ruling on a multitude of previously-filed motions in limine.

The Court has been convinced for quite some time that this intractable and emotional dispute can only be resolved by a trial, where the parties, represented by extremely able counsel, put the merits of their claims and defenses before a jury. With that trial scheduled to start in less than a week, now is not the time to reopen earlier resolved discovery disputes.

The Court DENIES Plaintiffs' Motion to Compel I[]dentification of All of Defendant Kendrick's E-mail Recipients, Including "Ignatius Group" Recipients (ECF No. 418).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 1st day of July, 2015

4