UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| HEARTS WITH HAITI, INC. and MICHAEL GEILENFELD, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | 2:13-cv-00039-JAW |
| PAUL KENDRICK, | ) ) ) | |
| Defendant. | ) | |

**ORDER ON DEFENDANT'S MOTION IN LIMINE TO EXCLUDE REFERENCES OR TESTIMONY CONCERNING ALLEGED SUFFERING OF INNOCENT CHILDREN CAUSED BY THE DEFENDANT**

With trial scheduled to begin next week in this highly contentious action, the Defendant moves in limine to exclude any references or testimony concerning the alleged suffering of innocent Haitian children caused by the Defendant, unless the Court approves of such testimony outside the presence of the jury. The Court grants the motion to the extent that the Plaintiff may not bring a claim on behalf of the residents of his business or Haitian children generally. The Court denies the motion to the extent that the Plaintiff may attempt to obtain damages caused to his unincorporated business as a result of the Defendant's actions.

I.  **BACKGROUND**

Over the last several years, Paul Kendrick has made numerous accusations against Michael Geilenfeld to various third parties, claiming that Mr. Geilenfeld is a child molester and that he has been sexually abusing children during his time as Executive Director of St. Joseph Family of Haiti. *See Order Denying Def.'s Mot. for*

*Partial Summ. J.* at 4-42 (ECF No. 237) (*Order*) (recounting numerous examples of Mr. Kendrick's communications). According to the Plaintiffs' Complaint, St. Joseph Family of Haiti "operates a network of nonprofit institutions that provide residence, room and board, formal education, and religious education to disabled and disadvantaged Haitian children." *Verified Compl. and Demand for Jury Trial* ¶ 7 (ECF No. 1). In his Recommended Decision dated September 30, 2013, the Magistrate Judge quoted the Plaintiffs' representation that St. Joseph Family of Haiti "is simply the name under which Geilenfeld carries out his religious mission in Haiti." *Recommended Decision on Mots. to Dismiss and Mem. Decision on Mots. to Stay Disc., to Seal, to File a Substitute Doc., to Exceed Page Limits, to Strike, and to Extend Disc.* at 9 (ECF No. 73) (*Rec. Dec.*) (quoting *Pls.' Objection and Mem. in Opp'n to Def.'s Mot. to Dismiss Pl. Michael Geilenfeld 'In His Capacity as Exec. Director of St. Joseph Family of Haiti on Behalf of St. Joseph Family of Haiti and its Residents'* at 5) (ECF No. 56) (*Pls.' 2013 Opp'n*)). In their July 22, 2013 memorandum, the Plaintiffs revealed that St. Joseph Family of Haiti is "an unincorporated Haitian organization." *Pls.' 2013 Opp'n* at 2.

The corporate Plaintiff in this case, Hearts With Haiti, Inc. (HWH), is a substantial financial contributor to St. Joseph Homes, and solicits and accepts donations throughout the United States. *Order* at 4. Mr. Kendrick has accused HWH of funding Mr. Geilenfeld's alleged sexual abuse, and of essentially turning a blind eye despite knowing that Mr. Geilenfeld was sexually abusing children. *See id.* at 4-42.

## II. THE PARTIES' POSITIONS

### A. Defendant's Motion

On June 12, 2015, Mr. Kendrick moved in limine to exclude

> any reference or testimony in the presence of the jury concerning alleged hardships, plights, suffering, or the like, of St. Joseph Family of Haiti and its homes, schools, and dance troupe (collectively hereinafter "St. Joseph Family") and/or the children allegedly served by or cared for by St. Joseph Family, without first obtaining the permission of the Court outside the hearing of the jury.

*Def.'s Mot. in Limine to Exclude References or Test. Concerning Alleged Suffering of Innocent Children Caused by the Def.* at 1 (ECF No. 358). In support of his motion, Mr. Kendrick argues that St. Joseph Family and Haitian children are not parties in this case, the Plaintiffs do not have standing to represent their interests, and the Court has ruled as much in prior orders. *Id.* He also contends that any such reference or testimony should be excluded under Rules 401 and 403. *Id.* at 1-2 (citing *Herrin v. Ensco Offshore Co.*, No. Civ.A. 00-3051, 2002 WL 465199, at *1 (E.D. La. Mar. 25, 2002)). In his view, Plaintiffs should be precluded from "try[ing] to inflame the passions of the jury against Mr. Kendrick with a parade of horribles of innocent children alleged to have been harmed by Mr. Geilenfeld's or [HWH]'s loss of support from donors or otherwise." *Id.* at 2. Mr. Kendrick acknowledges, however, that "some testimony as to the position and function of Mr. Geilenfeld with St. Joseph Family is necessary for the jury to make sense of the case, and that some testimony as to the purpose and operations of [HWH] is also necessary." *Id.*

3

### B. Plaintiffs' Opposition

On June 24, 2015, the Plaintiffs responded in opposition. *Pls.' Opp'n to Def.'s Mot. in Limine to Exclude Reference or Test. Concerning Alleged Suffering of Innocent Children Caused by the Def.* (ECF No. 398). First, Plaintiffs argue that Mr. Kendrick misinterprets the Court's prior orders as to Mr. Geilenfeld's ability to "obtain damages caused to St. Joseph Family of Haiti" and, in fact, says the Court "held just the opposite." *Id.* at 1-2. Those orders, the Plaintiffs contend, held that Mr. Geilenfeld "may recover damages caused to St. Joseph Family of Haiti but must do so in his own name and not 'on behalf of' St. Joseph Family of Haiti." *Id.* at 2.

Second, the Plaintiffs assert that it was foreseeable to Mr. Kendrick, as well as intentional, that his actions would cause harm to Mr. Geilenfeld's "charitable operations in Haiti" and therefore, Mr. Geilenfeld is entitled to damages for such harm caused. *Id.* at 3. Plaintiffs provide some examples of such harm they intend to introduce at trial, and note that while this evidence is prejudicial to Mr. Kendrick, it is not unfairly prejudicial within the meaning of Rule 403. *Id.* They also argue that the case relied upon by Mr. Kendrick in his motion is distinguishable. *Id.* at 3-4.

### III. DISCUSSION

### A. Prior Court Orders

On September 30, 2013, the Magistrate Judge issued a report and recommended decision regarding a host of issues, and this Court affirmed that decision in all respects on October 22, 2013. *Rec. Dec.*; *Order Affirming the Recommended Decision of the Magistrate Judge* (ECF No. 84).

The Magistrate Judge addressed Mr. Kendrick's contention in a motion to dismiss that Mr. "Geilenfeld cannot bring suit on behalf of the St. Joseph Family of Haiti or its resident[s], who must be named as parties themselves in order to seek relief." *Rec. Dec.* at 8. The Magistrate Judge observed that the caselaw provided by Plaintiffs to counter Mr. Kendrick's position "merely holds that an individual may seek damages caused to his unincorporated business. They do not hold that the individual may sue 'on behalf of' that business. Nothing prevents Geilenfeld from obtaining damages caused to his business, but he must do so in his own name." *Id.* at 9. In conclusion, the Magistrate Judge held that the motion to dismiss "should be granted to the extent that Geilenfeld purports to seek relief on behalf of others." *Id.* at 10.

**B.    Analysis**

The Court agrees with Mr. Kendrick to the extent he argues that Plaintiffs do not have standing to sue on behalf of St. Joseph Family of Haiti residents or Haitian children generally. This is consistent with what the Magistrate Judge ruled in 2013. *Id.* at 9-10 ("With respect to the residents of any St. Joseph Family of Haiti institutions, those are identifiable individual human beings, and they cannot be represented by other, non-lawyer individuals in actions in federal court, nor can they remain unidentified. To the extent that some of these residents are minors, Geilenfeld can sue on their behalf only if he is their parent or legal guardian").

However, the Court disagrees with Mr. Kendrick to the extent he argues that evidence of alleged damages to St. Joseph Family of Haiti as a result of Mr. Kendrick's

5

conduct is inadmissible under Rules 401 and 403 for purposes of showing damage to Mr. Geilenfeld's business and that it was Mr. Kendrick's intention to cause such damage.[1] This is consistent with prior rulings in this Court and the Maine Law Court. *See id.* at 9 ("Nothing prevents Geilenfeld from obtaining damages caused to his business, but he must do so in his own name"); *Haworth v. Feigon*, 623 A.2d 150, 159 (Me. 1993) (upholding jury award where plaintiff presented evidence of, among other things, "a variance between the volume of business he expected and the amount of business he actually did in the years immediately following" a project he worked on for defendants); *Ramirez v. Rogers*, 540 A.2d 475, 478 (Me. 1988) ("The evidence warranted a finding, not only that the words adversely affected Ramirez's business, but that this was Rogers' intention"). Mr. Kendrick's concern that the jury will be confused as to who is a party in this case may be addressed by a limiting instruction to the jury, but he must propose one.

The Court also concludes that the case relied upon by Mr. Kendrick in support of his motion is unhelpful. In *Herrin*, the plaintiff sued his employer under a theory of negligence pursuant to federal law, and "unseaworthiness under the general maritime law. He [sought] general and special damages, including compensation for physical and mental pain and suffering, and past and future lost wages." 2002 U.S. Dist. LEXIS 5744, at *1. The plaintiff attempted to bring into evidence the fact that he could not afford to pay the medical expenses of his daughter, who suffered from

---

[1] This dispute may just be semantics. Mr. Geilenfeld may not bring a claim on behalf of St. Joseph Family of Haiti because this entity has no independent legal identity. However, assuming he is able to establish that he owns and runs St. Joseph Family of Haiti as an unincorporated business, he is authorized to make a claim for damages to his business.

multiple sclerosis, for purposes of proving that his inability to support her "contributes to his mental pain and suffering." *Id.* at *2. The *Herrin* Court held that this evidence was irrelevant to the "issues of plaintiff's entitlement to damages," and even if it was relevant, should be excluded under Rule 403 because "this type of evidence will likely confuse the jury, particularly considering its emotional impact. . . . The proffered evidence could confuse the jury by causing them to conclude that defendant is liable to pay plaintiff enough to pay for the needs of his adult daughter." *Id.* at *2-3. Here, however, the issue is relevant to Mr. Geilenfeld's entitlement to damages, and the jury can consider whether Mr. Kendrick is liable to Mr. Geilenfeld for any damages caused to his business, St. Joseph Family of Haiti.

## IV. CONCLUSION

The Court GRANTS in part and DENIES in part the Defendant's Motion in Limine to Exclude References or Testimony Concerning Alleged Suffering of Innocent Children Caused by the Defendant (ECF No. 358). To the extent the Plaintiffs attempt to assert claims on behalf of St. Joseph Family of Haiti, its residents, or Haitian children generally, the Court GRANTS the motion. To the extent Mr. Geilenfeld attempts to present evidence that his business was damaged as a result of Mr. Kendrick's actions, the Court DENIES the motion.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 1st day of July, 2015