UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| HEARTS WITH HAITI, INC., et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | 2:13-cv-00039-JAW |
| PAUL KENDRICK, | ) ) ) | |
| Defendant. | ) | |

**ORDER ON PLAINTIFFS' MOTION IN LIMINE TO EXCLUDE THE OBITUARY OF TOM REEVES**

With trial scheduled to begin next week in this defamation action, the Plaintiffs move in limine to exclude the obituary of Tom Reeves, a former member of the North American Man/Boy Love Association (NAMBLA). Although the final resolution of this issue must await developments at trial, the Court concludes that if Mr. Kendrick based his allegedly defamatory comments about the Plaintiffs in part on the contents of the obituary, the contents may be admissible, assuming a proper foundation is established, not for their truth but to explain the Defendant's motivation and due care. In addition, the obituary may explain the motivations of donors that the Plaintiffs claim stopped donating because of Mr. Kendrick's allegations. Lastly, the Court concludes that the contents of the obituary would not be admissible as evidence of Mr. Geilenfeld's reputation because the contents of the obituary raise Rule 403 issues.

I.  BACKGROUND

   A.  Paul Kendrick's Accusations against Michael Geilenfeld and Hearts With Haiti, Inc.

Over the last several years, Paul Kendrick has made numerous accusations against Michael Geilenfeld to various third parties, claiming that Mr. Geilenfeld is a child molester and that he has been sexually abusing children during his time as Executive Director of St. Joseph Family of Haiti. *See Order Denying Def.'s Mot. for Partial Summ. J.* at 4-42 (ECF No. 237) (*Order*) (recounting numerous examples of Mr. Kendrick's communications). According to the Plaintiffs' Complaint, St. Joseph Family of Haiti "operates a network of nonprofit institutions that provide residence, room and board, formal education, and religious education to disabled and disadvantaged Haitian children." *Verified Compl. and Demand for Jury Trial* ¶ 7 (ECF No. 1).

The corporate Plaintiff in this case, Hearts With Haiti, Inc. (HWH), is a substantial financial contributor to St. Joseph Homes, and solicits and accepts donations throughout the United States. *Order* at 4. Mr. Kendrick has accused HWH of funding Mr. Geilenfeld's alleged sexual abuse, and of essentially turning a blind eye to Mr. Geilenfeld's sexual abuse of children. *See id.* at 4-42. Among Mr. Kendrick's accusations is that Mr. Geilenfeld housed a known member of NAMBLA and Mr. Geilenfeld knew it and was "unconcerned" by it. *Tr. of Proceedings* 52:2-13 (ECF No. 292). According to Mr. Kendrick, NAMBLA is an organization that "advocate[s] [for] sex with minor boys. That's . . . what they believe." *Id.* 97:21-23. Mr. Kendrick also claims that currently "on the NAMBLA website is the obituary of

one of [NAMBLA's] co-founders, which includes his request that donations in his memory be made to the St. Joseph Home for Boys, i.e., Hearts with Haiti." *Id.* 52:25-53:3.  In short, Mr. Kendrick feels "that people aren't concerned that a member of NAMBLA was on campus with his own room at an orphanage for minor boys and that the director of that orphanage wasn't concerned that he was there." *Id.* 55:6-9.

### B. The Obituary of Tom Reeves

Attached to Plaintiffs' motion is an exhibit containing an obituary of one Tom Reeves. *Pls.' Mot. in Limine to Exclude the Obituary of Tom Reeves* (ECF No. 367) (*Pls.' Mot.*) Attach. 1 (*Reeves Obituary*). At the top is the heading, "NAMbLA voice of the north american man/boy love association." *Id.* at 1 (punctuation in original). According to the obituary, Mr. Reeves died on February 19, 2012. *Id.* He was a retired professor who taught at Boston's Roxbury Community College. *Id.* Among his interests was "the plight of Haiti," and he wrote and spoke "frequently about the country and join[ed] a number of delegations and humanitarian missions, for which he was honored by the Haitian government." *Id.* The obituary also says that Mr. Reeves organized a conference in 1978 "on the issue of ages of consent," which led to the creation of NAMBLA. *Id.* at 2. At the conclusion of the obituary, it states: "In lieu of flowers, consider a donation to the St. Joseph's orphanage in Port au Prince, Haiti (Heartswithhaiti.org)." *Id.* at 3.

## II. THE PARTIES' POSITIONS

### A. The Plaintiffs' Motion

3

On June 12, 2015, Plaintiffs moved in limine to exclude the obituary of Tom Reeves. *Pls.' Mot.* at 1. In support of their motion, Plaintiffs argue that the obituary is inadmissible hearsay evidence for which there is no exception, and is "inadmissible to demonstrate a connection between NAMBLA and the Plaintiffs, or to insinuate support *by Plaintiffs* of NAMBLA's mission or views." *Id.* at 2 (emphasis in original). They also contend that the obituary is not authenticated and is not self-authenticating, and that it would be unfairly prejudicial were it admitted into evidence at trial given that "[t]here is no evidence that anyone associated with [HWH] knew that NAMBLA existed before the Defendant discovered Reeves' obituary on the NAMBLA website." *Id.* at 2-3.

B.   **Defendant's Opposition**

On June 24, 2015, Mr. Kendrick responded in opposition. *Def.'s Objection and Opp'n Mem. to Pls.' Mot. in Limine to Exclude the Obituary of Tom Reeves* (ECF No. 390). First, he argues that anyone, including Mr. Kendrick, can authenticate the document by testifying that the obituary of Tom Reeves is presently posted on the NAMBLA website and Mr. Kendrick will be able to testify "as to how he found it in the first place." *Id.* at 1.

Second, he asserts that Plaintiffs' claim that no one associated with HWH knew of NAMBLA before Mr. Kendrick found the obituary of Mr. Reeves is incorrect, and cites Mr. Kendrick's testimony for the proposition that Mr. Geilenfeld was "unconcerned" when it was brought to his attention that a NAMBLA member was staying at his orphanage. *Id.* at 1-2.

4

Third, he says that the obituary is not hearsay because it is being used to dispute damages, and that the "accepted rule is that in 'an action for defamation where an element of damages is injury to the plaintiff's reputation, evidence that the plaintiff's reputation was bad before the [libel] is not hearsay when presented regarding damages.'" *Id.* at 2 (quoting 2 MCCORMICK ON EVIDENCE § 249 (7th ed. 2013)).

Fourth, Mr. Kendrick contends that he has the right to ask HWH witnesses who testify whether they saw the obituary of Tom Reeves and, if so, if the obituary "damaged the reputations of the Plaintiffs and/or whether it was the basis for why other donors did not contribute funds as opposed to their theory that it was all the result of Mr. Kendrick." *Id.* at 2-3.

Finally, they argue that this evidence is critical "not for the truth of the matter stated, and thus not as hearsay, when offered to prove that Mr. Kendrick acted in good faith, and reached reasonable conclusions based on the information he received." *Id.* at 3.

### III.  DISCUSSION

To begin, to the extent the Tom Reeves obituary is being offered for the truth of its contents, it is hearsay. FED. R. EVID. 801(c). Unless admissible under a hearsay exception, it is inadmissible.

Subject to authenticity issues, the Tom Reeves obituary may be properly admissible for some but not all purposes. To prove defamation, the Plaintiffs must demonstrate, among other things, not only that Mr. Kendrick made a false statement,

but also either (1) he knew that the statement was false or made the statement with reckless disregard as to whether it was false, or (2) that he was negligent in making the statement based on the information available to him.  DONALD G. ALEXANDER, MAINE JURY INSTRUCTION MANUAL § 7-51(4th ed. 2012); *see also Morgan v. Kooistra*, 2008 ME 26, ¶ 26, 941 A.2d 447.  The obituary may be admissible to demonstrate one of the bases upon which Mr. Kendrick made his statements about Mr. Geilenfeld and HWH and whether he acted recklessly or negligently.

This does not mean that the contents of the obituary would be admissible for their truth.  Instead, in addition to evidence of the basis for Mr. Kendrick's statements, the obituary may potentially be used to establish the effect it had on Mr. Kendrick as a reader and to show motive for his actions and therefore, is not hearsay. *See United States v. Cruz-Diaz*, 550 F.3d 169, 176 (1st Cir. 2008) ("Out-of-court statements offered not to prove the truth of the matter asserted but merely to show context—such as a statement offered for the limited purpose of showing what effect the statement had on the listener—are not hearsay"); *United States v. Bailey*, 270 F.3d 83, 87 (1st Cir. 2001) (explaining that a statement "offered to show the effect of the words spoken on the listener (e.g., to supply a motive for the listener's action)" is not hearsay).

Of course, if Mr. Kendrick testifies that he relied on the obituary to support his statements about Mr. Geilenfeld and HWH, the Plaintiffs will be allowed to explore on cross-examination whether it was reasonable for Mr. Kendrick to do so.  Furthermore, the Plaintiffs' concern that the jury will view the contents of the

6

obituary as true may be ameliorated by a limiting instruction from the Court. If the Plaintiffs desire such an instruction, they should present the Court with proposed language.

The same logic applies to individuals whose motivations for giving or not giving to HWH are at issue in this case. For example, if they read the Reeves obituary and if it affected their giving to HWH, this evidence would be admissible not for the truth, but to explain motivation. If they read the obituary and if it did not affect their giving, this evidence might be admissible on the same basis. If they had never read the obituary, it would not be admissible. The Court cannot know, based on the record before it, how these witnesses will respond to questions about the obituary. Accordingly, before questioning witnesses about their knowledge of the Reeves obituary, the Court will require counsel to approach sidebar so that the matter can be discussed in the context of the trial and witness evidence.

At the same time, because the obituary may be admissible for a limited purpose does not make it admissible for all purposes. The Court disagrees with Mr. Kendrick that he must be allowed to admit the obituary for the truth of its contents in order to prove that Mr. Geilenfeld's reputation was bad before Mr. Kendrick made his statements. It is true that evidence of Mr. Geilenfeld's character may be potentially admissible because the impact of the alleged defamation on his reputation is an element of his damages claim. FED. R. EVID. 803(21); JOSEPH M. MCLAUGHLIN, JACK B. WEINSTEIN & MARGARET A. BERGER, WEINSTEIN'S FED. EVID. SECOND EDITION § 803.23 (2015) ("Character evidence is admissible when it is an essential element of a

7

charge, claim, or defense"). It is also true that once Mr. Geilenfeld places his reputation before the jury as an essential part of his claim of damages, Rule 405(b) may allow Mr. Kendrick to challenge that evidence with specific instances of conduct. FED. R. EVID. 405(b).

Nevertheless, the connection between the contents of the Reeves obituary and Mr. Geilenfeld's reputation is shaky; the obituary itself does not mention Mr. Geilenfeld. The sole direct reference to this case in the obituary is the request for memorial donations to be sent "to the St. Joseph's orphanage in Port au Prince, Haiti (Heartswithhaiti.org)." *Reeves Obituary* at 3. The author of the obituary and the sources for the information are unknown, and there is no indication as to why Mr. Reeves listed St. Joseph's as the recipient for memorial donations, if in fact that was consistent with his wishes. In short, the Court has Rule 403 concerns about allowing evidence regarding specific instances of conduct for the purpose of establishing Mr. Geilenfeld's reputation when the proffered evidence is so problematic. Again, if Mr. Kendrick's counsel wishes to use the Reeves obituary for this purpose, the Court requires that they approach the bench first.

### IV.   CONCLUSION

The Court DENIES Plaintiffs' Motion in Limine to Exclude the Obituary of Tom Reeves (ECF No. 367).

SO ORDERED.

> /s/ John A. Woodcock, Jr.
> JOHN A. WOODCOCK, JR.
> UNITED STATES DISTRICT JUDGE

Dated this 2nd day of July, 2015