UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| HEARTS WITH HAITI, INC., et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) 2:13-cv-00039-JAW ) |
| PAUL KENDRICK, | ) ) ) |
| Defendant. | ) |

**ORDER ON DEFENDANT'S MOTION IN LIMINE TO EXCLUDE REFERENCES OR TESTIMONY CONCERNING ALLEGED GOOD WORKS OF ST. JOSEPH FAMILY**

With trial scheduled to begin next week in this highly contentious action, the Defendant moves in limine to exclude any references or testimony concerning the good works of St. Joseph Family of Haiti, unless the Court approves of such testimony outside the presence of the jury. The Court grants the motion only to the extent that the Plaintiffs may not bring a claim on behalf of St. Joseph Family of Haiti as a separate business entity. The Court otherwise denies the motion.

**I.     BACKGROUND**

Over the last several years, Paul Kendrick has made numerous accusations against Michael Geilenfeld to various third parties, claiming that Mr. Geilenfeld is a child molester and that he has been sexually abusing children during his time as Executive Director of St. Joseph Family of Haiti. *See Order Denying Def.'s Mot. for Partial Summ. J.* at 4-42 (ECF No. 237) (*Order*) (recounting numerous examples of

Mr. Kendrick's communications). According to the Plaintiffs' Complaint, St. Joseph Family of Haiti "operates a network of nonprofit institutions that provide residence, room and board, formal education, and religious education to disabled and disadvantaged Haitian children." *Verified Compl. and Demand for Jury Trial* ¶ 7 (ECF No. 1).

In his Recommended Decision dated September 30, 2013, the Magistrate Judge quoted the Plaintiffs' representation that St. Joseph Family of Haiti "is simply the name under which Geilenfeld carries out his religious mission in Haiti." *Recommended Decision on Mots. to Dismiss and Mem. Decision on Mots. to Stay Disc., to Seal, to File a Substitute Doc., to Exceed Page Limits, to Strike, and to Extend Disc.* at 9 (ECF No. 73) (*Rec. Dec.*) (quoting *Pls.' Objection and Mem. in Opp'n to Def.'s Mot. to Dismiss Pl. Michael Geilenfeld 'In His Capacity as Exec. Director of St. Joseph Family of Haiti on Behalf of St. Joseph Family of Haiti and its Residents'* at 5) (ECF No. 56) (*Pls.' 2013 Opp'n*)). In their July 22, 2013 memorandum, the Plaintiffs revealed that St. Joseph Family of Haiti is "an unincorporated Haitian organization." *Pls.' 2013 Opp'n* at 2.

The corporate Plaintiff in this case, Hearts With Haiti, Inc. (HWH), is a substantial financial contributor to St. Joseph Homes, and solicits and accepts donations throughout the United States. *Order* at 4. Mr. Kendrick has accused HWH of funding Mr. Geilenfeld's alleged sexual abuse, and of essentially turning a blind eye despite knowing that Mr. Geilenfeld was sexually abusing children. *See id.* at 4-42.

## II. THE PARTIES' POSITIONS

### A. Defendant's Motion

On June 12, 2015, Mr. Kendrick moved in limine to exclude "any reference or testimony in the presence of the jury concerning the good works of St. Joseph Family of Haiti and its homes, schools, and dance troupe (collectively hereinafter 'St. Joseph Family'), without first obtaining the permission of the Court outside the hearing of the jury." *Def.'s Mot. in Limine to Exclude References or Test. Concerning Alleged Good Works of St. Joseph Family* at 1 (ECF No. 359). In support of his motion, Mr. Kendrick argues that neither Plaintiff has standing to make claims on behalf of St. Joseph Family as a separate business and that the Court has ruled as much in prior orders. *Id.* Therefore, "[t]he charitable and benevolent actions of St. Joseph Family, or persons associated with it, are" irrelevant under Rule 401. *Id.*

Although Mr. Kendrick acknowledges that "some testimony as to the position and function of Mr. Geilenfeld with St. Joseph Family is necessary for the jury to make sense of the case, and that some testimony as to the relationship between St. Joseph Family and [HWH] is also necessary for understanding the context of the case," he nonetheless contends that these points are "qualitatively and quantitatively different than efforts blatantly or subtly to portray St. Joseph Family as some sort of tireless, heroic, blessing to orphaned and suffering children in Haiti, and by association, to cast the Plaintiffs in a similar light." *Id.* at 1-2. Finally, Mr. Kendrick notes that HWH may not sue for false light invasion of privacy and, therefore, the

3

Plaintiffs may not "cast [HWH] in the alleged positive glowing light of St. Joseph Family" because it would violate Rules 401 and 403. *Id.* at 2.

### B.   Plaintiffs' Opposition

On June 24, 2015, the Plaintiffs responded in opposition. *Pls.' Opp'n to Def.'s Mot. in Limine to Exclude References or Test. Concerning Alleged Good Works of St. Joseph Family* (ECF No. 397). First, Plaintiffs argue that Mr. Kendrick misinterprets the Court's prior orders as to Mr. Geilenfeld's ability to "obtain damages caused to St. Joseph Family of Haiti" and, in fact, says the Court "held just the opposite." *Id.* at 1-2. Those orders, the Plaintiffs contend, held that Mr. Geilenfeld "may recover damages caused to St. Joseph Family of Haiti but must do so in his own name and not 'on behalf of' St. Joseph Family of Haiti." *Id.* at 2.

Second, Plaintiffs assert that Mr. Geilenfeld "must be able to establish his good reputation and that of his business and occupation, St. Joseph Family of Haiti." *Id.* at 3. According to Plaintiffs, Mr. Geilenfeld's "reputation and that of his business, St. Joseph Family of Haiti, are the gravamen of this case and Plaintiffs must be able to establish his good reputation and harm thereto." *Id.*

### III.   DISCUSSION

### A.   Prior Court Orders

On September 30, 2013, the Magistrate Judge issued a report and recommended decision regarding a host of issues, and this Court affirmed that decision in all respects on October 22, 2013. *Rec. Dec.*; *Order Affirming the Recommended Decision of the Magistrate Judge* (ECF No. 84).

4

The Magistrate Judge addressed Mr. Kendrick's contention in a motion to dismiss that Mr. "Geilenfeld cannot bring suit on behalf of the St. Joseph Family of Haiti or its resident[s], who must be named as parties themselves in order to seek relief." *Rec. Dec.* at 8. The Magistrate Judge observed that the caselaw provided by Plaintiffs to counter Mr. Kendrick's position "merely holds that an individual may seek damages caused to his unincorporated business. They do not hold that the individual may sue 'on behalf of' that business. Nothing prevents Geilenfeld from obtaining damages caused to his business, but he must do so in his own name." *Id.* at 9. In conclusion, the Magistrate Judge held that the motion to dismiss "should be granted to the extent that Geilenfeld purports to seek relief on behalf of others." *Id.* at 10.

**B. Analysis**

The Court agrees with Mr. Kendrick to the extent he argues that Plaintiffs do not have standing to sue on behalf of the residents of St. Joseph Family of Haiti institutions. This is consistent with what the Magistrate Judge ruled in 2013. *Id.* at 9-10 ("With respect to the residents of any St. Joseph Family of Haiti institutions, those are identifiable individual human beings, and they cannot be represented by other, non-lawyer individuals in actions in federal court, nor can they remain unidentified. To the extent that some of these residents are minors, Geilenfeld can sue on their behalf only if he is their parent or legal guardian").

The Court disagrees with Mr. Kendrick's argument that evidence of damage to St. Joseph Family of Haiti, including to its good reputation and works, as a result of

5

Mr. Kendrick's conduct is inadmissible under Rules 401 and 403. The Court also disagrees with Mr. Kendrick's contention that evidence that Mr. Kendrick intended to cause such damage is similarly inadmissible.[1] This is consistent with prior rulings in this Court and the Maine Law Court. *See id.* at 9 ("Nothing prevents Geilenfeld from obtaining damages caused to his business, but he must do so in his own name"); *Order on Def.'s Mot. in Limine to Exclude References or Test. Concerning Alleged Suffering of Innocent Children Caused by the Def.* at 5-7 (ECF No. 421); *Haworth v. Feigon*, 623 A.2d 150, 159 (Me. 1993) (upholding jury award where plaintiff presented evidence of, among other things, "a variance between the volume of business he expected and the amount of business he actually did in the years immediately following" a project he worked on for defendants); *Ramirez v. Rogers*, 540 A.2d 475, 478 (Me. 1988) ("The evidence warranted a finding, not only that the words adversely affected Ramirez's business, but that this was Rogers' intention"). Mr. Kendrick's concern that the jury will be confused as to who is a party in this case may be addressed by a limiting instruction to the jury, but he must propose one.

In addition, Mr. Geilenfeld's reputation is at the heart of this case. For purposes of his lawsuit against Mr. Kendrick, his personal reputation is intertwined with his business reputation. When Mr. Kendrick accused Mr. Geilenfeld of being a child molester, he did so in the context of Mr. Geilenfeld's work at his business, St. Joseph Family of Haiti. Damage to reputation is a proper element of defamation

---

[1] The Court has previously pointed out that this dispute may just be semantics. Mr. Geilenfeld may not bring a claim on behalf of St. Joseph Family of Haiti because this entity has no independent legal identity. However, assuming he is able to establish that he owns and runs St. Joseph Family of Haiti as an unincorporated business, he is authorized to make a claim for damages to his business.

damages. *Saunders v. VanPelt*, 497 A.2d 1121, 1126 (Me. 1985) ("Compensatory damages may include the elements of mental suffering, humiliation, embarrassment, effect upon reputation and loss of social standing, so far as they have been proved or may reasonably be presumed"). In order to present a baseline, Mr. Geilenfeld has the right to present evidence of his reputation before Mr. Kendrick's accusations of misconduct. Furthermore, should Mr. Kendrick accuse Mr. Geilenfeld of having a bad character, Mr. Geilenfeld will be allowed to present countervailing evidence of his and his business's good works. FED. R. EVID. 405.

Finally, as to Mr. Kendrick's point that HWH has no right to sue for false light invasion of privacy, the Court intends to so instruct the jury in its preliminary and final instructions. This should be sufficient.

## IV. CONCLUSION

The Court GRANTS in part and DENIES in part the Defendant's Motion in Limine to Exclude References or Testimony Concerning Alleged Good Works of St. Joseph Family (ECF No. 359). To the extent the Plaintiffs are asserting claims on behalf of St. Joseph Family of Haiti as a separate business, the Court GRANTS the motion. The Court otherwise DENIES the motion.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 2nd day of July, 2015