UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| HEARTS WITH HAITI, INC., et al., | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) 2:13-cv-00039-JAW ) |
| PAUL KENDRICK, | ) ) ) |
| Defendant. | ) |

**ORDER ON MOTION TO EXCLUDE TESTIMONY OF EMILE MILLIEN**

The Court denies the Plaintiffs' late attempt to sanction the Defendant for a non-party witness's failure to comply with a subpoena and attend a deposition.

**I.   BACKGROUND**

This is a highly contentious defamation action in which the Plaintiffs are claiming that Paul Kendrick defamed them by accusing Michael Geilenfeld of predatory sexual misconduct against the children entrusted to his care in Haiti. Mr. Kendrick has listed as a potential witness a man named Emile Millien and has represented that he "is expected to testify that he was personally abused by Plaintiff Michael Geilenfeld while a minor under his care." *Def.'s Witness List* at 1 (ECF No. 361). On June 12, 2015, the Plaintiffs filed a motion in limine to exclude the testimony of Mr. Millien on the ground that he has not been available for deposition. *Pls.' Mot. in Limine to Exclude the Test. of Emile Millien* (ECF No. 372) (*Pls.' Mot.*).

Mr. Kendrick objected on June 24, 2015. *Def.'s Objection and Opp'n Mem. to Pls.' Mot. in Limine to Exclude the Test. of Emile Millien* (ECF No. 391) (*Def.'s Opp'n*).

## II. THE PARTIES' POSITIONS

### A. Plaintiffs' Motion

By the Plaintiffs' description, Mr. Millien first came to their attention when he signed an affidavit in support of one of Mr. Kendrick's motions. *Pls.' Mot.* at 1. In August 2013, they sought to depose Mr. Millien; they served him with a subpoena and sent him a check for transportation to travel from Boston to Portland and a witness fee for attendance at a deposition scheduled for September 18, 2013. *Id.* at 1-2. Apparently, Mr. Millien was willing to cash the check but not to make the trip and on September 13, 2013, Mr. Kendrick's lawyers informed the Plaintiffs' counsel that neither Mr. Millien nor they would be there. *Id.* at 2. The Plaintiffs felt they were about to be stood up, not only by Mr. Millien, but also by Mr. Kendrick's lawyers, whom they accuse of interfering with their efforts to contact Mr. Millien. *Id.* at 2-3. The Plaintiffs concede they were "unwilling to reschedule Millien's deposition absent unforeseen circumstances." *Id.* at 3. They gathered in their conference room with a court reporter on September 18, 2013 and waited for Mr. Millien and the Defendant's lawyers to appear. *Id.* They did not. *Id.*

The Plaintiffs say that their efforts to depose Mr. Millien have been unsuccessful. *Id.* They speculate that he may have been arrested by the federal government but they also think that he may have been released. *Id.* They report that there may have been a sighting of Mr. Millien in the courtroom gallery of this

Court at the January 30, 2015 sanctions hearing in Portland, Maine. *Id.* They complain that their efforts to work through defense counsel to obtain Mr. Millien's presence have been unsuccessful and perhaps stymied. *Id.* They recite what they believe is Mr. Kendrick's deliberate interference with their efforts to contact Mr. Millien. *Id.* at 3-4.

The Plaintiffs contend that the Court should impose a sanction against Mr. Kendrick under Rule 37(b)(2)(A) for Mr. Millien's failure to appear for the scheduled deposition and they urge the Court to bar him from testifying. *Id.* at 4-5.

### B. Defendant's Opposition

Mr. Kendrick opposes the Plaintiffs' motion on a number of bases. First, he argues that Rule 37 provides a remedy for the non-appearance of a party at a deposition, but not a witness. *Def.'s Opp'n* at 1. He points out that Mr. Millien "is not a party, not a principal or managing agent of a party, not a designated expert witness of a party with a conflict of interest, not an alter ego of a party, and not an officer or director of a party." *Id.* at 2. Instead of Rule 37, Mr. Kendrick says that Rule 45 applies, which allows an attorney to subpoena a witness to be deposed. *Id.*

Next, Mr. Kendrick says that the Plaintiffs' witness subpoena to Mr. Millien was ineffective because Mr. Millien "lived and was served in Brockton, MA, more than 100 miles from where the Plaintiffs sought to compel his appearance." *Id.* He points out that Rule 45 limits the reach of a deposition subpoena to persons within 100 miles of the place of the deposition. *Id.* (citing FED. R. CIV. P. 45(c)(1)(A)).

Third, Mr. Kendrick disputes the Plaintiffs' assertion that he or his attorneys promised to produce Mr. Millien in Portland for the September 18, 2013 deposition. *Id.* at 2-3.

Fourth, Mr. Kendrick points out that the Plaintiffs' allegations of interference with their efforts to contact Mr. Millien date back to January 2012, over one year before the Plaintiffs filed suit. *Id.* at 3-4. As for events after February 6, 2013 when the Plaintiffs filed suit, Mr. Kendrick only notes that it is not uncommon for attorneys to ask third-party witnesses not to discuss the case with opposing counsel, but this advice is not binding on the third-party witness and does not prevent discovery. *Id.*

Fifth, Mr. Kendrick says that the Plaintiffs already know the substance of Mr. Millien's testimony because he filed a detailed affidavit with the Court. *Id.* at 4 (citing *Def.'s Mot. to Seal* Attach. 2 *Decl. of Emile Millien* (ECF No. 26)).

### III. DISCUSSION

The Plaintiffs' motion comes too late. Mr. Millien failed to attend the scheduled deposition on September 18, 2013. The Plaintiffs filed their motion to exclude on June 12, 2015, over a year and a half after the non-appearance, well over a year after the discovery period lapsed, and within weeks of trial. A failure of a witness to appear at a deposition during the discovery period is a discovery issue and should have been resolved promptly during the discovery period. The Plaintiffs have waived the right to complain by sitting on this issue for so long.

The Plaintiffs' motion cites the wrong rule and attempts to use the wrong process. Rule 45 addresses the right of a party to subpoena a non-party witness to

4

attend and testify at a deposition.  FED. R. CIV. P. 45.  It sets forth the procedure for issuing and serving a subpoena, the limitations for commanding the appearance of a non-party witness, the procedure by which a subpoenaed witness may object, and, most significantly for Plaintiffs' motion, the way in which a party enforces a duly-served subpoena.  *Id.*  Specifically, Rule 45(g) states:

> The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

FED. R. CIV. P. 45(g).  Professors Wright and Miller describe the normal process under Rule 45(g).  9A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2465 (3d ed. 2008).  Typically, a district judge will "preface a contempt citation with an order directing either compliance with the subpoena or a showing of an excuse for the noncompliance."  *Id.*  The authors explain:

> Moreover, due process does require that any civil contemnor be given certain basic procedural protections before being subject to any sanction: adequate notice and an opportunity to be heard at a meaningful time and in a meaningful manner.

*Id.*  They point out that Rule 45(g) "instructs that a failure to obey a subpoena is not a contempt if there is an 'adequate excuse' for the noncompliance" and such excuses "can come in many forms."  *Id.*

Here, the Plaintiffs have attempted to bypass this procedure.  Without having attempted to enforce the subpoena against the non-appearing witness, they now seek to enforce it against the opposing party.  This they may not do.  *Hernandez v. Tregea*, No. 2:07-cv-149-FtM-34SPC, 2008 U.S. Dist. LEXIS 59173, at \*10 (M.D. Fla. Aug. 4,

2008) ("The purpose of Rule 45[(g)] is to sanction a recalcitrant witness who fails to obey a subpoena, not to punish the party in the underlying litigation").

Moreover, Rule 37, which the Plaintiffs rely upon for relief, is generally applicable to parties, not to non-party witnesses. *Francois v. Blandford*, No. 10-1330, 2012 U.S. Dist. LEXIS 30173, at *5 (E.D. La. Mar. 7, 2012) ("Rule 37 simply does not provide a remedy for the failure of a non-party witness to appear at a deposition"). It may be possible to attribute the non-appearance of witnesses to a party and to sanction the party under Rule 37, but to do so, the party must either exercise "control over these witnesses" or have taken "action to procure their failure to appear." *Hernandez*, 2008 U.S. Dist. LEXIS 59173, at *9-10. Here, although the Plaintiffs suggest that this may be the case, they have offered no proof and the Defendant strenuously disputes the assertion. This factual controversy may have been resolved in due course during the discovery period, if the Plaintiffs had availed themselves of the proper procedure. But they did not.

The only other means to invoke Rule 37 in this type of situation is to obtain a court order requiring "a deponent to be sworn or to answer a question." FED. R. CIV. P. 37(b)(1). But there is no indication in this record that the Plaintiffs opened that narrow window into Rule 37.

This does not mean that the Plaintiffs are without recourse. If Mr. Millien appears at trial and testifies, the Plaintiffs are free to cross-examine him on his failure to appear at the September 18, 2013 deposition, his cashing the check to attend, his asserted connection with the Defendant, and similar matters. However,

6

the Plaintiffs may not obtain an order now against the Defendant forbidding Mr. Millien from testifying at trial.

## IV. CONCLUSION

The Court DENIES Plaintiffs' Motion in Limine to Exclude the Testimony of Emile Millien (ECF No. 372).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 2nd day of July, 2015