UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| HEARTS WITH HAITI, INC., et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | 2:13-cv-00039-JAW |
| PAUL KENDRICK, | ) ) ) | |
| Defendant. | ) | |

**ORDER ON MOTION TO SUPPLEMENT
JURISDICTIONAL HEARING RECORD**

On February 16, 2016, the First Circuit remanded this case for determination of whether diversity jurisdiction existed at the time of suit. After the Court held a jurisdictional hearing and the parties submitted post-hearing briefs, Mr. Kendrick—the Defendant—moved to supplement the record with one page of a transcript from Mr. Geilenfeld's—a Plaintiff's—first deposition taken after the initiation of the lawsuit. The caselaw instructs the Court that it has considerable leeway over what evidence it may consider in the context of a jurisdictional challenge. Given the limited volume and high relevancy of the deposition testimony, which comprises a single page and touches upon how Mr. Geilenfeld perceived his residency status in Haiti, the Court admits the evidence over the Plaintiffs' objection.

**I.    PROCEDURAL POSTURE**

On February 6, 2013, Michael Geilenfeld and Hearts With Haiti (HWH) filed suit in this Court against Paul Kendrick. *Compl.* (ECF No. 1). The Plaintiffs invoked

jurisdiction "pursuant to 28 U.S.C. § 1332 based on diversity of citizenship and because the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000)." *Id.* ¶ 4.

On July 6, 2015, the jury trial commenced, *Tr. of Proceedings I* (ECF No. 484), and on July 23, 2015, the jury returned a verdict for the Plaintiffs: the jury awarded $2,500,000 on the defamation claim and $5,000,000 on the intentional interference claim to HWH, and $7,000,000 on the defamation, false light, and intentional interference claims to Mr. Geilenfeld. *Jury Verdict Form as to Michael Geilenfeld* (ECF No. 474); *Jury Verdict Form as to Hearts with Haiti* (ECF No. 475); *J.* (ECF No. 480).

After the Court denied Mr. Kendrick's motion for new trial on October 30, 2015, *Order on Def.'s Rule 59 Mot. for a New Trial or Alternative Post-J. Relief and Pls.' Rule 59(e) Mot. to Alter or Amend J. to Include Pre- and Post-J. Interest, to Include the April 22, 2015 Sanction, and to Reflect Dismissal without Prejudice of Pls.' Punitive Damages Claims* (ECF No. 498), Mr. Kendrick filed a notice of appeal to the First Circuit Court of Appeals on November 18, 2015. *Def.'s Notice of Appeal* (ECF No. 502).

On January 8, 2016, while the case was pending in the First Circuit, the Plaintiffs moved to amend the pleadings to show diversity of citizenship. *Hearts With Haiti, Inc. v. Kendrick*, No. 15-2401, *Pls.-Appellees' Mot. to Amend Pleadings to Show Jurisdiction under 28 U.S.C. § 1653* (Doc. No. 00116942397). On January 12, 2016, Mr. Kendrick objected to the Plaintiffs' motion to amend the pleadings and moved to

dismiss the case for lack of subject matter jurisdiction. *Hearts With Haiti, Inc. v. Kendrick*, No. 15-2401, *Def.-Appellant's Obj./Resp. to "Pls.-Appellees' Mot. to Amend Pleadings to Show Jurisdiction under 28 U.S.C. § 1653" and Def.-Appellant's Mot. for Affirmative Relief in the Form of Dismissal of the Case on Grounds of Lack of Subject Matter Jurisdiction* (Doc. No. 00116943575). On January 15, 2016, the Plaintiffs responded to Mr. Kendrick's motion. *Hearts With Haiti, Inc. v. Kendrick*, No. 15-2401, *Pls.-Appellees' Resp. in Opp'n to Def.-Appellant's Mot. for Affirmative Relief in the Form of Dismissal of the Case for Lack of Subject Matter Jurisdiction and to Def.-Appellant's Mot. to Stay and to Clarify filed on January 14, 2016* (Doc. No. 00116945980). On January 20, 2016, Mr. Kendrick replied to the Plaintiffs' response. *Hearts With Haiti, Inc. v. Kendrick*, No. 15-2401, *Def.-Appellant's Reply to Pls.-Appellees' Resp. in Opp'n to his Mot. for Affirmative Relief in the Form of Dismissal of the Case for Lack of Subject Matter Jurisdiction* (Doc. No. 00116947111).

On February 16, 2016, the First Circuit remanded to this Court the questions "as to whether the amendment proposed by the appellees should be allowed and as to whether diversity jurisdiction existed at the time the action was commenced." *Order of the Ct.* (ECF No. 508). On March 30, 2016, the Court held a hearing on the jurisdictional issue. *Tr. of Proceedings* (ECF No. 532). The Plaintiffs filed their post-hearing brief on April 15, 2016. *Pls.' Post-Hr'g Br.* (ECF No. 534) (*Pls.' Br.*). Mr. Kendrick filed a response on April 29, 2016, *Def.'s Suppl. Br. on Jurisdiction* (ECF No. 535), and the Plaintiffs replied on May 6, 2016. *Pls.' Reply Br. in Supp. of Jurisdiction* (ECF No. 538) (*Pls.' Post-Hr'g Reply*).

3

After the post-hearing briefs were filed, on May 20, 2016, Mr. Kendrick moved to add a single page to supplement the record. *Def.'s Mot. to Suppl. Jurisdictional Hr'g Ex. D23 with Incorporated Mem. of Law* (ECF No. 541) (*Def.'s Mot.*). The Plaintiffs filed an opposition on May 25, 2016, *Pls.' Resp. in Opp'n to Def.'s Mot. to Suppl. Jurisdictional Hr'g Ex. D23* (ECF No. 544) (*Pls.' Opp'n*), and Mr. Kendrick replied on May 27, 2016. *Def.'s Reply Mem. of Law in Supp. of Mot. to Suppl. Jurisdictional Hr'g Ex. D23* (ECF No. 454) (*Def.'s Reply*).

## II. THE PARTIES' POSITIONS

### A. Paul Kendrick's Motion

Mr. Kendrick says that in their post-hearing reply brief, the Plaintiffs claim that Mr. Geilenfeld never represented himself to be a citizen of or domiciled in Haiti. *Def.'s Mot.* at 1 (quoting *Pls.' Post-Hr'g Reply* at 4). Now, he comes forward with the following back-and-forth from his counsel's first deposition of Mr. Geilenfeld on February 27, 2014:

> Q. And your status in Haiti, is that as a permanent resident?
> A. Exactly.

*Id.* at 2. He submits that it is within the Court's "broad authority" to consider this evidence, *id.* at 2-3 (quoting *Valentín v. Hosp. Bella Vista*, 254 F.3d 358, 363 (1st Cir. 2001)), and "[d]ue to the fact that the First Deposition has not been previously filed, Defendant is requesting to supplement Exhibit D23 rather than just calling the Court's attention to something already filed." *Id.* at 4. Mr. Kendrick closes by stressing that the evidence "goes to the very heart of the issue now before the Court,"

4

as it is "probably as close as a human being can come to saying in ordinary language that one is domiciled in Haiti for purposes of federal diversity jurisdiction." *Id.* at 5.

### B. The Plaintiffs' Response

The Plaintiffs argue that Mr. Kendrick "seeks to add new evidence to a record that was fully developed, and closed, on March 30, 2016," *Pls.' Opp'n* at 1, and that his filing "must be characterized as a motion to reopen the record." *Id.* at 2. According to the Plaintiffs, relevant factors for a court considering such a motion include "whether (1) the evidence sought to be introduced is especially important and probative; (2) the moving party's explanation for failing to introduce the evidence earlier is bona fide; and (3) reopening will cause no prejudice to the non-moving party." *Id.* at 3 (quoting *Davignon v. Hodgson*, 524 F.3d 91, 114 (1st Cir. 2008)). On the first factor, the Plaintiffs contend that once placed in context, the prior testimony is not important or probative: "There does not seem to be any dispute that all of Geilenfeld's time residing in Haiti is not legally characterized as a 'permanent' residency by any means, but rather a temporary annual permit called a 'Permis de Sejour' issued by the Haitian government." *Id.* at 8. On the second factor, they write that Mr. Kendrick "provides not even an attempt at explanation for the late submission." *Id.* at 5. Finally, the Plaintiffs complain that they had no pre-hearing notice of the prior testimony nor any opportunity to address it at the jurisdictional hearing, and they therefore suggest that they would be prejudiced under the third prong. *Id.* at 4-7.

### C. Mr. Kendrick's Reply

5

Mr. Kendrick asserts that the "Plaintiffs were on notice weeks prior to the jurisdictional hearing that Mr. Geilenfeld's deposition testimony could be used at the hearing" and "therefore had a full and fair opportunity to prepare for the hearing accordingly." *Def.'s Reply* at 2. He reiterates that the Court has broad authority in what it may consider in resolving whether it has jurisdiction, *id.* at 3 (citing *Valentín*, 254 F.3d at 365), and rejects the argument that he moves to reopen the record; according to Mr. Kendrick, the cases on which the Plaintiffs premise that argument are inapposite because they arise "in the context of evidence submitted after a trial on the merits . . . ." *Id.* (discussing *Davignon v. Hodgson*, 524 F.3d at 96, 114; *Lussier v. Runyon*, 50 F.3d 1103, 1113 (1st Cir. 1995); *In re IDC Clambakes, Inc.*, 484 B.R. 540, 545-46 (D.R.I. 2012)). Regardless, Mr. Kendrick does not see how the evidence unfairly prejudices the Plaintiffs, as they were able to respond to the evidence in their opposition, and "it is for the Court to decide what inferences and conclusions may be drawn from this testimony . . . ." *Id.* at 4-5.

## III.  DISCUSSION

The First Circuit has written that "[w]hen a factbound jurisdictional question looms, a court must be allowed considerable leeway in weighing the proof, drawing reasonable inferences, and satisfying itself that subject-matter jurisdiction has attached." *Valentín*, 254 F.3d at 364 (citing *Williamson v. Tucker,* 645 F.2d 404, 412-13 (5th Cir. 1981)). This includes "broad authority" to "consider extrinsic evidence." *Id.* at 363 (citing *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990) (per curiam); *Rosales v. United States*, 824 F.2d 799, 803 (9th Cir. 1987)). The *Valentín*

Court noted in a footnote that "there is an exception to this praxis for cases in which the jurisdictional facts, though genuinely disputed, are inextricably intertwined with the merits of the case." *Id.* at 323 n.3.

Here, the exception does not apply, as the issue is separate from the merits and focused solely on jurisdiction. Similarly, the Court is unpersuaded by the Plaintiffs' argument that it should assess Mr. Kendrick's filing as a motion to reopen the record because the cases they cite in support of that argument deal with evidence that went to damages or the merits—and not jurisdiction. *Davignon*, 524 F.3d at 113-14 (district court did not abuse its discretion when it reopened the record to permit the plaintiff to present evidence of lost wages in First Amendment retaliation suit); *Lussier*, 50 F.3d at 1113-15 (district court erred when it "engaged in a unilateral pursuit of additional evidence" with regard to damages in wrongful discharge suit); *In re IDC Clambakes, Inc.*, 484 B.R. at 545-46 (assessing "extra-record evidence" that was "surreptitiously appended" and went to the merits).

Guided by *Valentín*, the Court overrules the Plaintiffs' objection and allows this single page of deposition testimony because it aids in the resolution of whether there is jurisdiction. The Court does not view the Defendant's motion as technically reopening the record, because the Court never formally closed the record. Nevertheless, the Court accepts the First Circuit's three factors from *Davignon* as a helpful means of approaching this issue. As regards the first factor, the Court easily concludes that Mr. Geilenfeld's testimony about his understanding of his status in

7

Haiti is especially important and probative because he gave his testimony before the legal importance of his status was known.

Turning to the third factor, undue prejudice to the Plaintiffs, the Court acknowledges there is some prejudice to the Plaintiffs, but concludes that it is not an undue or unfair prejudice. The prejudice arises from the fact that the Defendant chose not to question Mr. Geilenfeld about his prior deposition testimony during the March 30, 2016 testimonial hearing on jurisdiction. Therefore, both the Court and the Plaintiffs were deprived of hearing Mr. Geilenfeld's spontaneous reaction, and the Plaintiff was prevented from performing a redirect examination regarding his answers. This prejudice, however, is substantially mitigated by the fact that the Plaintiffs were certainly aware of Mr. Geilenfeld's prior deposition testimony before the jurisdictional hearing, and as Mr. Kendrick demonstrated in his reply, the Plaintiffs were also aware of the possibility that Mr. Kendrick might use Mr. Geilenfeld's prior deposition testimony during the jurisdictional hearing. *Def.'s Reply* at 1-2. The prejudice to the Plaintiffs is also mitigated by the fact that the Plaintiffs have now had a full opportunity in their response to explain their view of the significance of his prior testimony.

The second factor makes the issue more difficult because, as the Plaintiffs have noted, Mr. Kendrick has proffered no explanation for why the deposition excerpt was not presented earlier. In his motion, Mr. Kendrick implied that the reason he filed the deposition excerpt after the hearing is that the Plaintiffs made arguments in their post-hearing briefs that created the need to introduce Mr. Geilenfeld's earlier

8

deposition testimony.  *Def.'s Mot.* at 1-2.  The Court is mildly skeptical.  The deposition excerpt would have been relevant to Mr. Geilenfeld's view of his status in Haiti regardless of whatever argument the Plaintiffs made in their post-hearing briefs.  The fact remains that the Defendant—for whatever reason—did not present this evidence to the Court until after the evidentiary hearing and after the initial briefing on the issue.  On this point, one factor the Court has considered is that, given the unusual nature of this remand order, the Court did not treat this proceeding like a trial, did not set deadlines for the listing of exhibits, and did not formally close the evidentiary record.

Balancing these issues, the Court has resolved to admit the deposition excerpt, even though it was filed after the hearing and memoranda.  The nub of the issue is that this proceeding is an effort to find the truth regarding whether Mr. Geilenfeld was domiciled in Haiti at the time he initiated the Complaint in this case.  As noted earlier, Mr. Geilenfeld's earlier testimony, given at a time when the legal significance of this issue was not apparent, is probative and important to the Court's resolution of the factual issues before the Court on remand.  For the reasons the Court has explained, but most importantly because it aids in the truth-seeking process, the Court admits the deposition excerpt.

## IV. CONCLUSION

The Court GRANTS Mr. Kendrick's Motion to Supplement Jurisdictional Hearing Exhibit D23 with Incorporated Memorandum of Law (ECF No. 541).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 9th day of June, 2016