# United States Court of Appeals
## For the First Circuit

No. 15-2401

HEARTS WITH HAITI, INC., and MICHAEL GEILENFELD,

Plaintiffs, Appellees,

v.

PAUL KENDRICK,

Defendant, Appellant.

No. 16-1839

HEARTS WITH HAITI, INC., and MICHAEL GEILENFELD,

Plaintiffs, Appellants,

v.

PAUL KENDRICK,

Defendant, Appellee.

APPEALS FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

[Hon. John A. Woodcock, Jr., U.S. District Judge]

Before

Howard, Chief Judge,
Souter, Associate Justice,[*]
and Stahl, Circuit Judge.

---

[*] Hon. David H. Souter, Associate Justice (Ret.) of the Supreme Court of the United States, sitting by designation.

Russell B. Pierce, Jr., with whom Norman, Hanson & DeTroy, LLC, was on brief, for Hearts With Haiti, Inc., and Michael Geilenfeld.

Brent A. Singer, with whom Matthew M. Cobb and Rudman Winchell were on brief, for Paul Kendrick.

_____

April 27, 2017

_____

SOUTER, **Associate Justice**. Hearts With Haiti, Inc., and Michael Geilenfeld brought this action against Paul Kendrick alleging defamation, false light invasion of privacy, and tortious interference with business relations. The claims were based on Kendrick's public accusations that Geilenfeld sexually abused boys in an orphanage he personally operated in Haiti and that the abuse was enabled by Hearts With Haiti, a North Carolina corporation that raised funds for the orphanage. A jury found for the Plaintiffs with separate awards of damages totaling $14.5 million. Kendrick appealed. While the appeal was pending, Kendrick's lawyer discovered a plausible argument that federal subject-matter jurisdiction was lacking. This court remanded the case to the district court to address Kendrick's argument in the first instance, and the district court dismissed the action for lack of diversity jurisdiction. Hearts With Haiti, Inc. v. Kendrick, 192 F. Supp. 3d 181 (D. Me. 2016). Now, the Plaintiffs appeal the dismissal, and Kendrick appeals with claims of trial error. We affirm the dismissal, thus resolving both appeals.

Federal subject-matter jurisdiction over this dispute is premised on diversity of citizenship, requiring the allegation in a case of domestic-citizen diversity that each plaintiff is a citizen of a different state from the defendant's. See 28 U.S.C. § 1332(a)(1). "In order to be a

- 3 -

citizen of a State within the meaning of the diversity statute, a natural person must be both a citizen of the United States <u>and</u> be domiciled within the State." <u>Newman-Green, Inc.</u> v. <u>Alfonzo-Larrain</u>, 490 U.S. 826, 828 (1989) (emphasis in original); <u>accord</u> <u>D.B. Zwirn Special Opportunities Fund, L.P.</u> v. <u>Mehrotra</u>, 661 F.3d 124, 126 (1st Cir. 2011) ("United States citizens who are domiciled abroad are citizens of no state[.]"). Domicile is "the place where [one] has his true, fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." <u>Rodríguez-Díaz</u> v. <u>Sierra-Martínez</u>, 853 F.2d 1027, 1029 (1st Cir. 1988) (internal quotation marks omitted). The district court held jurisdiction wanting because it found that Geilenfeld was domiciled in Haiti and thus not a citizen of a state for the purposes of diversity jurisdiction. The trial court's conclusion was not clearly erroneous. <u>Bank One, Tex., N.A.</u> v. <u>Montle</u>, 964 F.2d 48, 51 (1st Cir. 1992) (a district court's determination of domicile is reviewed for clear error).

For more than two decades, Geilenfeld has lived in Haiti, where he owns property, is employed, pays taxes, and intends to be buried. In a pre-trial deposition, he described his "status in Haiti" as that of "permanent resident." It is true, as the Plaintiffs point out, that Geilenfeld has connections to Iowa as well: he was born and raised there, holds

an Iowa bank account and an Iowa driver's license, is registered to vote in Iowa, and occasionally visits Iowa. But in reality these bare facts are inconsequential. Not long after graduating from high school, Geilenfeld left Iowa to engage in foreign missionary work for a Roman Catholic missionary order; the bank account is largely, if not exclusively, used as a conduit of funds to support his orphanage in Haiti; his only motor vehicle is jointly owned in Haiti; he has not voted in Iowa since 1972; and on his occasional visits to the state he stays in the guest room of a family friend, since he owns no Iowa real estate.

While the Plaintiffs try, on both legal and factual grounds, to minimize the significance of this latter evidence, their efforts are to no avail. Their legal argument is that the determination of state citizenship of a United States citizen within the meaning of § 1332(a)(1) should turn on one controlling fact: the state of voting registration. In an attempt to soften the radicalism of this proposal, they cite Shelton v. Tiffin, 47 U.S. (6 How.) 163 (1848), as suggesting as much. But Shelton's discussion of the law of domicile expressly stops short of accepting the Plaintiffs' position. Although the place of actually exercising the franchise was said to be dispositive, the Court viewed registration without voting as inconclusive: "acquiring a right of suffrage, accompanied by acts which show a permanent location, unexplained, may be

sufficient." Id. at 185. More to the point, of course, is the most recent expression of the Supreme Court's understanding that state citizenship for purposes of diversity jurisdiction requires national citizenship plus state domicile, which we take to mean domicile as traditionally understood, Newman-Green, 490 U.S. at 828; we read Newman-Green's citation of Chief Justice Marshall's opinion in Brown v. Keene, 33 U.S. (8 Pet.) 112, 115 (1834), see Newman-Green, 490 U.S. at 828, as indicating that the later Court understood domicile as determined through the traditional multi-factual enquiry. Accordingly, this circuit has declined to invest the fact of voting registration with conclusive evidentiary significance on the question of domicile. See Bank One, 964 F.2d at 50.

The Plaintiffs' second point calling for attention goes to the district court's assignment of substantial weight to Geilenfeld's long Haitian residence as an evidentiary fact running counter to the presumption that domicile endures once it is acquired. See id. (presumption favoring continuing domicile). The Plaintiffs' argument is that a missionary moves to a foreign place to serve its people, not to further personal interests. They accordingly object to the district court's emphasis on Geilenfeld's personal choice to live in Haiti and operate his orphanage after leaving the religious order that first assigned him to work there but later sent him elsewhere.

There is, however, no religious exception to the criteria of domicile, and because the individual's intent is a primary subject of those criteria, there was no error in giving weight to Geilenfeld's personal discretion to choose his missionary field as he saw fit, once he was free from the order's authority to determine his residence by posting him to a particular mission.

Thus the district court did not clearly err in applying customary standards to conclude that Geilenfeld's contacts with Iowa have been too limited to cast doubt on the sufficiency of the substantial evidence that Haiti is his domicile. As a stateless American citizen domiciled abroad, Geilenfeld did not satisfy the requirements of diversity jurisdiction.

On the assumption that Geilenfeld could not satisfy the jurisdictional state citizenship requirement, he and Hearts With Haiti request that we preserve diversity jurisdiction (and, with it, the jury award for Hearts With Haiti) by simply dismissing Geilenfeld from the suit, which the district court refused to do. See Fed. R. Civ. P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party."); see also Newman-Green, 490 U.S. at 827 (courts of appeals can dismiss parties, too). Doing so at the post-trial stage, however, would be unfair to Kendrick, as Geilenfeld's

presence in this action gave Hearts With Haiti a significant
tactical advantage at trial. See Newman-Green, 490 U.S. at 838
(advising courts of appeals to consider "whether the dismissal
of a nondiverse party will prejudice any of the parties in the
litigation," including whether "the presence of the nondiverse
party produced a tactical advantage for one party or another");
accord Gorfinkle v. U.S. Airways, Inc., 431 F.3d 19, 22-23 (1st
Cir. 2005); Sweeney v. Westvaco Co., 926 F.2d 29, 41 (1st Cir.
1991).

Geilenfeld testified at trial about his appalling
experience in a Haitian jail on accusation of sexual
molestation, which was brought about in part by Kendrick's
defamatory campaign. The evidence detailed the horrific
conditions of the incarceration and tended to show Geilenfeld as
a person of exemplary integrity in his suffering. That
testimony was admitted on the ground that it was relevant to
Geilenfeld's damages for defamation, but there was an undeniable
risk that it would influence the jury's determination of the
issue common to both party's claims, whether a man of
Geilenfeld's character would sexually abuse the youth he served.
Although the jury was instructed to consider each plaintiff
separately in reaching the verdicts, the tendency of the prison
evidence to evoke sympathy for Geilenfeld and to portray him as
unlikely to molest children supported the position of Hearts

With Haiti that it had not ignored impropriety on Geilenfeld's part.  To allow the verdict for Hearts With Haiti to stand, then, would preserve an advantage that the organization has not shown would have been available to it in the absence of Geilenfeld's efforts as a co-plaintiff presenting evidence of personal damages.  See also Hearts With Haiti, 192 F. Supp. 3d at 207-08 (stating that "[t]he plain fact is that this case would not have been the same case if Mr. Geilenfeld had not been a plaintiff," and noting, in particular, Geilenfeld's testimony regarding his "harrowing experience in Haitian jail").  Hence, we conclude that the district court did not abuse its discretion in declining to cure the jurisdictional defect by dismissing Geilenfeld from the action.  See Perry v. Blum, 629 F.3d 1, 16 (1st Cir. 2010) (reviewing for abuse of discretion a district court's decision on a motion to add or drop a party pursuant to Rule 21).  We likewise decline to dismiss Geilenfeld as a plaintiff.

The district court's judgment dismissing this action for lack of subject-matter jurisdiction, which we review in case No. 16-1839, is affirmed.  We therefore do not reach the other claims of trial error raised in case No. 15-2401.  That appeal is dismissed for lack of jurisdiction.